Hillsborough, } No. 3947.
Nov. 8, 1950. }

CARL S. PARK *&amp; a. v.* MANCHESTER.

*McLane, Davis, Carleton & Graf* and *Arthur A. Greene, Jr.* (*Mr. Greene* orally), for the plaintiffs.

*J. Francis Roche,* City Solicitor (by brief and orally), for the defendant.

LAMPRON, J. The Trial Court properly ruled that the exclusive right granted the plaintiffs by section 3 of this lease was prohibited by the provisions of Laws 1939, *c.* 224, *s.* 11, and that this section of the lease could not be performed without violating said statute and was therefore void.

In our opinion, the intent of said statute is to prohibit the granting of any type of exclusive right for the use of any landing area or air navigation facility upon which State or Federal funds have been expended as they were on the Manchester airport. It is true that the exclusive right granted the plaintiffs is limited to commercial flying activities and is subject to certain rights of the Boston & Maine Transportation Company. However said section 3 grants to the plaintiffs the right to exclude all others from using the landing area or air navigation facilities for commercial purposes and is consequently in violation of the provisions of said statute that there shall be no exclusive right in such area or facility.

Laws 1939, *c.* 224, does not expressly declare that contracts made contrary to its provisions shall be void. However unless it so intends this statute has no other apparent purpose. *Albertson* v. *Shenton,* 78 N. H. 216; *Burque* v. *Brodeur,* 85 N. H. 310, 313; *In re Johnson's Estate,* 339 Ill. App. 110; *Bell* v. *Telephone Co.,* 149 Ohio 157; *Heder-*

*man* v. *George*, 212 P. (2d) 841; 12 Am. Jur. 652; 17 C. J. S. 555; Restatement, Contracts, s. 580. Section 3 of said lease is therefore void.

The Court found, and properly so, that "so far as the buildings which were leased by the defendant to the plaintiffs the statutes in question do not apply." The plaintiffs argue that their action is based on the wrongful re-leasing of such buildings by the defendant, which resulted in their eventual eviction therefrom, and not on a violation of the provisions of said section 3 of the lease. They argue further that defendant's motion to dismiss their action because based on a violation of the above statutes was therefore improperly granted by the Court.

The original declaration and all amendments thereto set out as the basis for recovery that the plaintiffs had certain rights in the Manchester airport which were interfered with or violated by action of the defendant. The plaintiffs have no rights in the Manchester airport except those granted to them by the lease in question. To recover they must necessarily rely on this lease, on rights granted thereby to them by the defendant. Some of these rights are in themselves legal, one of them is illegal. In such a situation "[t]he inquiry is whether the parties reached an agreement regarding the various items as a whole or whether the agreement was reached by regarding each term as a unit. . . . If the parties gave a single assent to the whole transaction, the contract is indivisible, while it is divisible if they assented separately to several things. . . . By great prevalence of authority an invalid or unenforceable part of an entire contract bars any recovery on the other part of the contract." *Lemire* v. *Haley*, 91 N. H. 357, 359, 360; *Gauthier* v. *Laing, ante,* 80.

The record in this case does not permit any conclusion other than that the other rights of the plaintiffs are so mingled and bound together with the provisions of said section 3 that they cannot be separated. The whole lease is therefore void and no recovery can be had on any part of it. *Piper* v. *Railroad*, 75 N. H. 435, 439; *Meredith* v. *Fullerton*, 83 N. H. 124; 6 Williston, Contracts (Rev. *ed.*) ss. 1781, 1782; Restatement, Contracts, ss. 606, 607.

If the Court did not state accurately in its decree the basis of plaintiffs' claim, no right of the plaintiffs was affected thereby because they cannot recover in their action on any basis.

In view of the result reached it is unnecessary to consider the effect of Civil Aeronautics Act of 1938 (52 U. S. Stat. 973).

*Exception overruled.*

All concurred.