Scott M. NISWONGER, etc., Plaintiff,

v.

AMERICAN AVIATION, INC., et al., Defendants.

Civ. A. No. 3148.

United States District Court,
E. D. Tennessee,
Northeastern Division.

On Motion to Dismiss Aug. 1, 1974.

On Motion to Dismiss or to Stay
June 2, 1975.

See also D.C., 411 F.Supp. 769.

Carleton W. Smith, Greeneville, Tenn., for plaintiff.

O. C. Armitage, Jr., William W. Tweed, Greeneville, Tenn., R. Thomas Stinnett, and Harold B. Stone, Knoxville, Tenn., for defendants.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is a civil action seeking a declaration that a lease between the defendant American Aviation, Inc. and the defendants Greeneville-Greene County Airport Authority the Town of Greeneville, Tennessee and Greene County, Tennessee for all the portion of the Greeneville Municipal Airport usable as a fixed base operation is void as violative of 49 U.S.C. § 1349(a),[1] and for other equitable relief. The Court's jurisdiction is invoked under 28 U.S.C. § 1337.[2] Each defendant moved the Court to dismiss the complaint for lack of subject matter jurisdiction, Rule 12(b)(1), Federal Rules of Civil Procedure, and for failure to state a claim on which relief can be granted, Rule 12(b)(6), Federal Rules of Civil Procedure.

■ The plaintiff Mr. Scott M. Niswonger, doing business as Greeneville Air Service, alleged that this is an action under the Federal Aviation Act of 1958, as amended, particularly 49 U.S.C. § 1349(a), but he neglected to allege affirmatively that the Greeneville Municipal Airport is either a landing area or air navigation facility upon which federal funds have been expended. Such allegations would appear to be requisite to a consideration of the defendants' motion to dismiss, and the allegations of jurisdiction in the complaint herein therefore appear to be defective. Defective allegations of jurisdiction may be amended in this Court, 28 U.S.C. § 1653, where the amendments cure defects of form only, and not of substance. *Smith v. Fisher Pierce Company*, D.C.Tenn. (1965), 248 F.Supp. 815, 816[2].

---

1. " * * * There shall be no exclusive right for the use of any landing area or air navigation facility upon which [f]ederal funds have been expended. * * * " 49 U.S.C. § 1349(a).

2. " * * * The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies. * * * " 28 U.S.C. § 1337.

As the plaintiff particularizes in his complaint his reliance upon 49 U.S.C. § 1349(a) which refers to a landing area or air navigation facility upon which federal funds have been expended, it is considered that the aforementioned defects are of form only and not of substance. The Court will consider a proposed amendment to the complaint to amend the plaintiff's defective allegations of jurisdiction if filed within 10 days herefrom.

## MOTION TO DISMISS

■ This is a civil action by which the plaintiff Mr. Niswonger (Air Service) seeks a declaration * that a certain lease between the defendant American Aviation, Inc. (American), on one part, and the defendants Greeneville-Greene County Airport Authority (Authority), the Town of Greeneville, Tennessee (Town) and Greene County, Tennessee (County), on the other part, is void and for other equitable relief. The respective defendants moved to dismiss the action on the grounds that the Court lacks jurisdiction of the subject matter, Rule 12(b)(1), Federal Rules of Civil Procedure, and that the plaintiff failed to state a claim on which relief can be granted, Rule 12(b)(6), Federal Rules of Civil Procedure. As matters outside the pleading are presented to and not excluded by the Court, the motion on the latter ground will be treated as one for summary judgment and disposed of as provided in Rule 56(c), Federal Rules of Civil Procedure, all the parties having been given a reasonable opportunity to present all material made pertinent to such a motion. Rule 12(b), Federal Rules of Civil Procedure.

■ The plaintiff Air Service claims that American, the Authority, the Town and the County, in entering into such lease, violated the prohibitions of 49 U.S.C. § 1349(a), which provides, *inter alia*: " * * * There shall be no exclusive right for the use of any landing area or air navigation facility upon which [f]ederal funds have been expended. * * * " Air Service alleged by amended complaint that the Greeneville municipal airport is an air navigation facility and landing area upon which federal funds have been expended; that the aforementioned lease of June 16, 1969 constituted American a fixed-base-operator at such airport; that on January 22, 1973, with the approval of American and the Authority, Air Service began operating as a licensed air-taxi-commercial-operator at and from such airport, utilizing American's services; that American is relying on the provisions of its lease giving it exclusive right to the use of such airport to cause Air Service to cease its operations at such airport, it being claimed by American that it has a leasehold on all ramp and hanger space available at such airport; and that the Authority refuses to constitute Air Service a special fixed-base operator. For the purposes of the defendants' motion, these allegations must be assumed to be true. *Williams v. Stone*, D.C.Tenn. (1971), 339 F.Supp. 1298, 1299[3].

Involved here is the Federal Aviation Act of 1958, as amended, 49 U.S.C. §§ 1301, et seq. This act regulates air commerce. *Rosenhan v. United States*, C.C.A.10th (1942), 131 F.2d 932, 934[3], certiorari denied (1943), 318 U.S. 790, 63 S.Ct. 993, 87 L.Ed. 1156. "The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce * * * ". 28 U.S.C. § 1337.

The defendants contend that 49 U.S.C. § 1349(a), *supra*, is applicable only to actual runways and other areas which are used in common by air operators. They cite decisions which are inapposite here: Air Service claims it is being deprived of the use of the said airport because of the exclusive right which the aforementioned lease grants to the defendant American as a general fixed-base-operator. Air Service contends also (by brief) that American has been granted the exclusive use of more area of the

---

* The plaintiff has not invoked the jurisdiction of this Court under the Declaratory Judgments Act, 28 U.S.C. §§ 2201, 2202.

airport in question than American can reasonably use in the conduct of its operations. The decisions relied on by the defendants relate to the leasing of certain buildings on, or areas of, an airport, viz.: *Mac-Aire Aviation Corp. v. Corporate Air, Inc.,* (Conn.1970), 6 Conn.Cir. 238, 270 A.2d 849; *Park v. Board of Aviation Trustees for City of Manchester,* (1950), 96 N.H. 331, 76 A.2d 514; *Hillsborough County Aviation Authority v. National Airlines, Inc.,* (Fla., 1953), 63 So.2d 61. It is Air Service's insistence that all the available area for a fixed-base operation has been leased to the defendant American.

49 U.S.C. § 1301(8) provides: " \* \* \* 'Air navigation facility' means any facility used in, available for use in, or designed for use in, aid of air navigation, *including landing areas,* lights, any apparatus or equipment for disseminating weather information, for signaling, for radio-directional finding, or for radio or other electrical communication, and any other structure or mechanism having a similar purpose for guiding or controlling flight in the air or the landing and take-off of aircraft. \* \* \* " (Emphasis supplied). 49 U.S.C. § 1301(9) provides: " \* \* \* 'Airport' means a *landing area* used regularly by aircraft for receiving or discharging passengers or cargo. \* \* \* " (Emphasis supplied). 49 U.S.C. § 1301(22) provides: " \* \* \* 'Landing area' means any locality, either of land or water, *including airports* and intermediate landing fields, which is used, or intended to be used, for the landing and take-off of aircraft, whether or not facilities are provided for the shelter, servicing, or repair of aircraft, or for receiving or discharging passengers or cargo. \* \* \* " (Emphasis supplied).

The Attorney General of the United States analyzed the predecessor to 49 U.S.C. § 1349(a), which contains the same pertinent language, and opined as follows:

\* \* \* \* \* \*

The restrictions imposed by the provisions of section 303 of the Civil Aer-

onautics Act of 1938 upon the expenditure of Federal funds upon landing areas and air navigation facilities make it clear that the term "exclusive right" as used in the section was intended to describe a power, privilege, or other right excluding or debarring another or others from enjoying or exercising a like power, privilege, or right. This meaning is confirmed by the legislative history which shows that the purpose of the provision is to prohibit monopolies and combinations in restraint of trade or commerce and to promote and encourage competition in civil aeronautics in accordance with the policy of the act \* \* \*. \* \*

It seems very doubtful that the term "exclusive right for the use of any landing area" was intended to apply only to the use of an airport for all aeronautical purposes or to the total of the aeronautical uses to which it is or may be devoted. Under such a construction the grant of one person of the exclusive right to use an airport for air carrier service would be permissible so long as another person or other persons used or were authorized to use it for other aeronautical activities. But this construction would give a monopoly at the airport to the air carrier operator and thus would frustrate the purpose of the limitation upon the use of Federal funds. \* \* \* The provision is clearly applicable to any right for the use of a landing area *or an airport* in civil aeronautics which is exclusive in character.

Accordingly, it is my opinion that *the grant of an exclusive right to use an airport for a particular aeronautical activity, such as an air carrier, falls within the provisions of section 303 of the Civil Aeronautical Act of 1938 proscribing any exclusive right for the use of any landing area.* \* \* \* (Emphasis supplied.)

\* \* \* \* \* \*

40 Op.A.G. 71 (1941). Advisory Circular no. 150/5190–2A of April 4, 1972 from the Department of Transportation, Fed-

eral Aviation Administration provides insight into that agency's interpretation of the prohibition of exclusive rights at airports.

"Exclusive right" is defined as: " * * * A power, privilege, or other right excluding or debarring another from enjoying or exercising a like power, privilege, or right. An exclusive right may be conferred either by express agreement, by imposition of unreasonable standards or requirements, or by any other means. Such a right conferred on one or more parties but excluding others from enjoying or exercising a similar right or rights would be an exclusive right. * * "

*Id.* at page 3.

* * * The grant of an exclusive right for the conduct of any aeronautical activity, on an airport on which Federal funds, administered by the FAA, has been expended, is regarded as contrary to the requirements of applicable laws, whether such exclusive rights results from an express agreement, from the imposition of unreasonable standards or requirements, or by any other means. * * *

*Idem.* at page 4.

* * * The leasing of all available airport land or facilities suitable for aeronautical activities to a single enterprise will be construed as evidence of an intent to exclude others. This presumption will not apply if it can be reasonably demonstrated that the total space leased is presently required and will be immediately used to conduct the planned activity. *The amount of space leased to a single enterprise should be limited to that for which it can clearly demonstrate an actual, existing need.* * * *

*Idem.* at page 5. (Emphasis supplied).

■ Air Service asks that the lease which allegedly grants American the exclusive right to operate as a fixed base operator, be declared void. Although 49 U.S.C. § 1349(a) does not expressly declare that contracts made in contraven-

tion thereof shall be void, unless such was the intention, the statute is rendered ineffective. " * * * An agreement which violates a provision of a statute or which cannot be performed without a violation of such provision ordinarily is illegal and void. [Footnote reference omitted.] It is immaterial whether the contract is directly prohibited or arises collaterally out of transactions prohibited by statute. [Footnote reference omitted.] *Statutes enacted from considerations of public concern and to subserve the general welfare cannot be abrogated or circumvented by private agreement* [footnote reference omitted], and contracts which violate statutes enacted for the protection of the public are generally held illegal. * * * " 17 C.J.S. Contracts § 201, pg. 1001. (Emphasis supplied.) Therefore, this portion of the complaint states a claim upon which relief can be granted, and of which this Court has subject matter, if not declaratory, jurisdiction.

■ Air Service also asks that the defendants Authority, Town, and County be ordered to lease to it " * * * reasonable and sufficient space * * *." The plaintiff has not referred the Court to any jurisdictional basis for granting such relief. This Court has jurisdiction only to construe the validity of the aforementioned lease agreement and may not compel the parties to contract.

Summary judgment will enter for the defendants as to the plaintiff's claim that he is entitled to an order requiring any of the defendants to lease space to him. Otherwise, the motions of the respective defendants for a dismissal hereby are OVERRULED.

## MOTION TO DISMISS OR TO STAY

The defendant American Aviation, Inc. (American) moved to dismiss the complaint herein, Rule 12(b)(1), Federal Rules of Civil Procedure, or to stay these proceedings pending administrative action, or, in the alternative for a summary judgment. Rule 56(b), Federal Rules

of Civil Procedure. There is no merit to such motion in any alternative.

The defendant American contends that the plaintiff Mr. Niswonger, by letter from his counsel to the Federal Aviation Administration of August 21, 1973, effectively filed a complaint in so doing, 49 U.S.C. § 1482(a),* and that he should now be required to exhaust his administrative remedies before being allowed access to any remedy to be afforded herein. See *Eisman v. Pan. American World Airlines*, D.C.Pa. (1971), 336 F.Supp. 543, 551[13]. A copy of such letter, which was filed as Exhibit A to the plaintiff's response, shows that such letter did not seek redress for any wrong committed by any defendant herein and can not be in any way considered to be a " * * * complaint in writing * * *." *Ibid.* The aforementioned letter was inquisitive in nature and sought only information and clarification of the administrative relationship among the various parties.

American also contends that the allegations herein fall within the primary jurisdiction of the Federal Aviation Administration (FAA), and that the plaintiff must first exhaust the administrative remedies afforded by 49 U.S.C. §§ 1482, et seq. In *Town of East Haven v. Eastern Airlines, Inc.*, D.C.Conn. (1968), 282 F.Supp. 507, the plaintiffs alleged, *inter alia*, that the defendants violated and disregarded certain rules and regulations promulgated by the FAA, and that a grant agreement with the FAA was specifically disregarded. In discussing the defendants' contention that the plaintiffs should be relegated to administrative remedies, the Court ably stated:

\* \* \* \* \* \*

* * * [I]t is clear that a violation of the provisions of the Federal Aviation Act or the regulations or rules issued pursuant thereto may give rise to a private federal right of action maintainable by those injured by the violation. *Fitzgerald v. Pan American World Airways*, 229 F.2d 499 (2 Cir. 1956). Judge Frank, speaking for the court in Fitzgerald, specifically rejected the argument raised by [the defendants] that "the sole non-criminal federal remedy for a violation of any provisions of the Act is to be found in [Section 1482(a)], i. e., a complaint to the Civil Aeronautics Board [or administrator] which must investigate the complaint and, if the facts warrant, must issue an order compelling compliance with the violated provisions of the Act". Judge Frank stated:

"We cannot agree. As such an order must look to the future, obviously it cannot afford redress to one harmed by a violation [of a section of the Act]. For, whatever may be true of the flight of a plane, undeniably (outside of fiction or 'pure' physics) the flight of time—despite the poet Hood's earnest prayer—is always, alas for us mortals, irreversible. Indeed, Aristotle remarked that 'Agathon is right in saying, "For this alone is lacking even to God, To make undone things that have once been done." ' " Id. at 502.

Plaintiffs cannot be relegated to administrative remedies when these remedies do not exist. [Citation omitted.] And the Court cannot avoid granting the relief which may be due plaintiffs merely because the regulations involved may be complex.

\* \* \* \* \* \*

Motion DENIED.

---

* 49 U.S.C. § 1482(a) provides in pertinent part:

" * * * Any person may file with the Administrator or the Board, as to matters within their respective jurisdictions, a complaint in writing with respect to anything done or omitted to be done by any person in contravention of any provisions of this chapter, or of any requirement established pursuant thereto. * * * "