**FEDERATION OF DELAWARE TEACHERS, an unincorporated association, et al., Plaintiffs,**

v.

**The DE LA WARR BOARD OF EDUCATION, a body corporate and politic, et al., Defendants,**

**De La Warr Education Association, Intervener.**

**Civ. A. No. 4243.**

United States District Court, D. Delaware.

Nov. 8, 1971.

Clifford B. Hearn, Jr., of Biggs & Battaglia, Wilmington, Del., for plaintiffs.

William J. Wier, Jr., of Connolly, Bove & Lodge, and Jacob Kreshtool, of Bader, Dorsey & Kreshtool, Wilmington, Del., for defendants.

John P. Sinclair, of Potter, Anderson & Corroon, Wilmington, Del., for intervener.

## OPINION

LATCHUM, District Judge.

This matter is before the Court for decision after a hearing on the plaintiffs' motion for a preliminary injunction.

The plaintiffs are the Federation of Delaware Teachers, Rudolph Anthony and Catherine Spence (individually and as representatives of a class). The defendants are the De La Warr Board of Education, the Superintendent of the School Board (individually and in his official capacity), and the present members of the School Board (individually and in their official capacities). The De La Warr Education Association was permitted to intervene pursuant to Rule 24, F.R.Civ.P. The plaintiffs will be referred to collectively as the "FDT," the defendants will be referred to collectively as the "School Board," and the intervener will be referred to as the "Association."

The essential factual background may be summarized as follows. Sometime between October 31, 1969 and July 1, 1970, the Association was recognized by the School Board, pursuant to 14 Del.C. § 4004,[1] as the exclusive negotiating representative of the public school employees of the De La Warr School District. Thereafter the Association began collective bargaining negotiations that eventually materialized in the execution of a collective bargaining agreement (the "contract") which was to be effective from July 1, 1970 to June 30, 1972.

(DX 3). The contract provided that the School Board "recognized the Association as the exclusive bargaining representative for the life of the contract in all matters related to salaries, employee benefits, conditions of employment of all certified professional persons employed full time by the Board." (DX 3, Art. I A). The contract also granted to the Association a number of rights and privileges, i. e., the right to use school buildings for activities, the right to use school equipment,[2] the right to have the School Board provide in every school building a bulletin board for the use of the Association, and the right to use interschool mail facilities and school mail boxes. (DX 3, Art. V). Article V, paragraph H, of the contract provided that the above rights and privileges were granted exclusively to the Association.

"H. The rights and privileges of the Association and its representatives as set forth in this Agreement shall be granted only to the Association as the exclusive representatives of the teachers, and to no other teacher organizations during the life of the contract." (DX 3, Art. V).

Article II of the contract provided further that the School Board would enter into good faith collective bargaining negotiations concerning a successor contract not later than November 1 of the calendar year preceding the calendar year in which the existing contract expired. For reasons not readily perceptible, on September 9, 1971 the Association wrote a letter to the School Board requesting that the "Association be recognized as the bargaining agent for the teachers of the De La Warr School District and that arrangements be made to begin negotiations during the month of November, 1971." The request stated that 183 classroom teachers of the school

1. 14 Del.C. §§ 4001–4013 which authorized public professional school employees to organize and bargain, became effective on October 31, 1969.

2. In its use of school buildings and equipment the Association must bear the cost of additional staff if needed, the cost of all materials and supplies incident to the use of equipment, and cost of all repairs necessitated as a result of the Association's use of any equipment. (DX 3, Art. V).

district were members of the Association. (DX 1).

Shortly thereafter, the FDT instituted this suit, claiming that the School Board's denial of FDT's use and access to certain school facilities violated the constitutional rights of the FDT and the individual members of that organization. More specifically, the FDT claims that the administrative officers and personnel of the School Board, acting upon the Board's orders, instructed plaintiffs, individually and as representatives of a class, that they could not hold meetings pertaining to the FDT on school property and that they could not utilize school bulletin boards for announcements pertaining to that organization or utilize teachers' mail boxes or teachers' lounges for the purpose of distributing literature pertaining to that organization. Additionally, the FDT claims that the School Board has otherwise generally interfered with its rights to speak to or communicate with teachers for the purpose of inducing them to join the FDT, to hold meetings after school hours on school property, and to freely associate and assemble as members of the FDT.

The FDT further charges that the acts of the School Board, to which complaint is made, were based in part upon Title 14 § 4009 of the Delaware Code which reads:

"The Board of Education or its designated representatives shall not in-terfere, restrain or coerce employees in the right to organize guaranteed by this chapter, and, *in absence of any certification as the exclusive bargaining representative,* all organizations seeking to represent public school employees shall be accorded equal treatment with respect to access to such employees.

No representative of any employee organization shall be permitted to solicit membership therein, or to solicit petitions or votes for the purpose of obtaining a collective bargaining agreement, on school property at any time, unless he shall be a bona fide employee of the particular school district involved and a member of the local employee organization [3] whom he purports to represent. All election campaigning on school property during school hours shall be restricted to those areas reserved exclusively for teacher use." (Emphasis added).

Finally the FDT contends that the quoted Section of the Delaware Code violates its rights and the rights of its members under the First and Fourteenth Amendments of the United States Constitution.

Jurisdiction is asserted pursuant to 28 U.S.C. §§ 1331 and 1343(3) (4) on a cause of action arising under the First and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983.[4]

3. " 'Employee organization' means any organization of certified employees of a public school district which has as one of its purposes the representation of such employees in their relations with the Board of Education of the district." 14 Del.C. § 4001(b).

4. It should be noted that it has been consistently held upon the authority of Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), that Section 1983 does not create a cause of action for damages against a school district. It is also established in this Court that Section 1983 does not create a cause of action against a public body for injunctive relief. Conway v. Alfred I. duPont School District, 333 F.Supp. 1217 (D.Del.1971);

Mathias v. New Castle County Vocational Technical School District, C.A. No. 4073 (D.Del. filed Sept. 22, 1971); Shellburne, Inc. v. New Castle County, 293 F.Supp. 237, 240–241 (D.Del. 1968). Thus, the action against the defendant School Board, a public body, must be dismissed. However, the plaintiffs may maintain this action, which is within the operative limits of injunctive relef, since it also lies against the individual defendants in their official capacity. Neither the doctrine of Monroe v. Pape nor the doctrine of official immunity would prevent this Court from directing the defendant board members to refrain from violating the plaintiffs' constitutional rights.

The FDT seeks a preliminary injunction enjoining the School Board from:

1) preventing or attempting to prevent the FDT from speaking to other teachers about membership in the FDT or from attemping to induce others from joining said organization or from denying the FDT the right to hold meetings in the schools after hours in order to carry on the business of the FDT;

2) denying to the FDT equal privileges to use interschool mail facilities, bulletin board space, teachers' lounges, and school property for furthering FDT's objectives; and

3) renewing the certificate of the Association as the exclusive negotiating representative for the public school employees of the De La Warr School District for a period of 30 days.

These issues will be dealt with separately.

■ The FDT's first contention, while raising First and Fourteenth Amendment issues, that the School Board interfered with its attempts to speak to and communicate with other teachers about the FDT, to induce other teachers to join the FDT, to hold meetings after school hours, and to freely associate and assemble as members of that organization, may be given summary treatment. At the hearing no evidence substantiating these allegations was presented. In fact, the meagre evidence adduced with respect to these contentions was to the contrary. Plaintiffs Anthony and Spence both testified that they conducted conversations pertaining to the FDT on school property and were never restrained from so acting. Furthermore, both of these plaintiffs testified that they had never made a formal request to the Board for the use of school buildings or equipment, and that, to the best of their knowledge, no one has ever interfered with any FDT literature posted through the regular mail. In short, the FDT has failed completely to demonstrate that there was any validity to these allegations.

The second charge concerns the denial to the FDT of equal privileges in the use of interschool mail facilities, bulletin board space, use of teachers' lounges, and permission to hold meetings on school property. It is contended that these privileges, granted to the Association pursuant to the exclusive representation contract of July 1, 1970 and denied to the FDT by the School Board, acting under color of state law, amount to a denial of the FDT's First and Fourteenth Amendment rights. The Court finds no merit to this contention.

The identical issue was recently considered in the case of Local 858 of the American Federation of Teachers v. School District No. 1 in the County of Denver, 314 F.Supp. 1069 (D.Colo.1970). In that case the plaintiff labor union instituted suit, claiming that the denial by the School Board of AFT's use and access to certain school facilities violated the First and Fourteenth Amendment rights of the AFT and its individual members. In finding no substance to the constitutional challenges, Judge Arraj stated:

"We do not accept plaintiff's contention, . . ., that the issue here is a broad restriction on free speech. We acknowledge that public schools are a public institution which presents special opportunities for the exercise of the First Amendment right of free speech. However, this case does not present that issue. The parties are so situated that the controversy arose under such circumstances that plaintiffs seek to utilize certain facilities that are clearly distinct from pure speech rights. *This case presents a problem of labor relations,* and although the problem is in the context of public employment, this does not alter its essential character. Plaintiffs are a labor union and its officials and members, and they are seeking to utilize only those internal channels of school communication which are not traditionally of a public nature for the purpose of furthering the goals of their union. . . . [W]e

do not accept plaintiffs' characterization of the issue as one of alleged impairment of broad First Amendment rights. Rather, the case presents the precise issue of whether or not the granting of the . . . exclusive privileges to the DCTA impairs the right to organize and form unions of Denver teachers who are not members of the DCTA.

Only if the grant to the DCTA of exclusive privileges constitutes such an impairment is there a violation of the First Amendment." (Emphasis added). (Id. at 1074–1075).

Judge Arraj then went on to discuss N. L. R. B. v. Jones & Laughlin Steel Corp., 301 U.S. 1, 57 S.Ct. 615, 81 L.Ed. 893 (1937). That case had established that a private employer may grant to a labor union, which has been elected the collective bargaining representative, certain exclusive contract rights and has a duty to deal with no other union during that time. The Court found no reason why the *Jones & Laughlin* duty could not be constitutionally extended to cover public employers. This Court, likewise, finds no reason why the doctrine should not be so extended.

 The law concerning reasonable limitations which may be placed on First and Fourteenth Amendment rights is well settled. A First Amendment freedom may be abridged by state action when the state can show a compelling interest that outweighs the asserted right. Schneider v. State, 308 U.S. 147, 161, 60 S.Ct. 146, 84 L.Ed. 155 (1939). Further, a classification, allegedly violating the equal protection clause of the Fourteenth Amendment, is constitutional if there exists a rational relationship between the classification and the constitutionally permissible objectives. McGowan v. Maryland, 366 U.S. 420, 426, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961). However, if the classification is attacked as impermissibly circumscribing a constitutional right, it will be held invalid unless it is found necessary to promote a compelling state interest. Shapiro v. Thompson, 394 U.S. 618, 634, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969).

 In the present case the Court finds that the exclusive privileges granted to the Association, based upon 14 Del. C. § 4009, are constitutionally permissible. The denial of similar rights to the FDT serves to promote a compelling state interest, the desire to keep school buildings and grounds from becoming "labor battelfields." The reasons supporting this conclusion, which this Court finds convincing, are best summarized in the *Local 858* case:

"The grant of exclusive privileges to one of two competing unions after that union has won a representation election serves several interests. It allows the effective exercise of the right to form and join unions in the context of public employment. It provides the duly elected representative ready means of communicating with all teachers, . . . This is essential, since the [union] represents *all* teachers, not just its membership. It eliminates inter-union competition for membership within the public schools except at times of representation elections. This has several salutary aspects. Orderly functioning of the schools as education institutions is insured through the limiting of the time span when they may become a labor battlefield. The representative union is not subjected to competition within the schools, and thus is better able to function as a representative, its efforts not spent in constant competition with the union that lost the representation election. The fact that the representative's strength is not bled away by such constant high intensity inter-union conflict allows public employees better representation, providing a more beneficial exercise of the right of association. Finally, all of these benefits resulting from the grant of exclusive privileges to the elected representative serve the principal policy of insuring labor peace in public schools. Labor peace means a continu-

ity of ordered collective bargaining between school officials and representatives of the teachers. It means a lowered incidence of labor conflict and strife, thus insuring less interference with the functioning of the public schools as educational institutions." (314 F.Supp. at 1076).

Finally, the FDT requests an injunction restraining for a period of 30 days, the alleged recertification of the Association as the exclusive negotiating representative for the employees of the De La Warr School District. In light of the above findings, the Court declines to issue such an injunction. The Court has found no violation of the plaintiffs' constitutional rights that would justify such relief. While declining to grant such an injunction, the Court makes it clear that it does not pass upon the operative effect of the Association's request of September 9, 1971 that it be "recognized as the bargaining agent for the teachers of the De La Warr School District" (DX 1) or the School Board's resolution of October 22, 1971 which recognizes the "Association as the exclusive bargaining agent." (DX 4). The meaning and necessity of that entire procedure is mystifying. The Association's request of September 9, 1971 contained no dates of the period for which recognition was being requested, and the School Board's acceptance of the request on October 22, 1971 was equally unclear. (DX 1, 4). It contained no dates. Furthermore, the testimony elicited during the hearing was of no help in determining the effect of such action because it was apparent that none of the parties understood what was intended to be accomplished. Under the existing contract, the Association was the exclusive bargaining agent until June 30, 1972. In light of these facts, the Court need not consider whether the Association's alleged recertification has any validity beyond June 30, 1972.

The Court concludes that the exclusive privileges granted to the Association under the existing contract and the actions taken by the School Board do not violate any First or Fourteenth Amendment rights of the FDT or its members. Accordingly, the motion for a preliminary injunction will be denied.

The above shall constitute the findings of fact and conclusions of law as required by Rule 52(a) F.R.Civ.P.

Submit order.