CLARK COUNTY CLASSROOM TEACHERS ASSOCI-
ATION, Appellant, v. CLARK COUNTY SCHOOL
DISTRICT and the BOARD OF TRUSTEES OF
THE CLARK COUNTY SCHOOL DISTRICT, LAS
VEGAS FEDERATION OF TEACHERS, LOCAL
2170, A. F. T. and AL TRINER, Respondents.

No. 7894

March 12, 1975                    532 P.2d 1032

[Rehearing denied May 7, 1975]

*Hilbrecht, Jones & Schreck,* Las Vegas, for Appellant.

*Robert L. Petroni,* Las Vegas, for Respondents Clark County School District and Board of Trustees of the Clark County School District.

*John W. Bonner,* Las Vegas, for Respondents Las Vegas Federation of Teachers, A. F. T. Local 2170, and Al Triner.

# OPINION

*Per Curiam:*

The appellant, Clark County Classroom Teachers Association petitioned the district court to enjoin the Las Vegas Federation of Teachers, Local 2170 A. F. T., and others from using Clark County school facilities to solicit memberships and distribute union information. Appellant has sought to prevent respondents' use of school bulletin boards, mail delivery service, teachers' mail boxes, meeting rooms, and payroll deductions of union dues. Such activities are encompassed by "exclusive use" provisions embodied in a Collective Bargaining Agreement between Clark County Classroom Teachers

Association and the Clark County School District Board of Trustees, in effect since April 17, 1970.

The trial court denied injunctive relief and declared the "exclusive use" provisions unconstitutional, insofar as they denied respondents an equal opportunity to use school facilities for membership solicitations and to dispense information. Appellant contends the trial court erred. We agree.

After the Collective Bargaining Agreement was negotiated, respondent's predecessor, American Federation of Teachers, Pen Local 1800, and its president, Al Triner, contested the agreement before Mark Smith, Taylor Wines and Clel Georgetta, the members of the Local Government Employee-Management Relations Board. The E. M. R. B. resolved the contest in favor of the Clark County Classroom Teachers Association by order, filed October 20, 1970, and a written decision, filed November 17, 1970. The decision was based on respectable authority.

It has been held that the constitutional right of equal protection may be abridged, where shown necessary to promote a compelling governmental interest. Shapiro v. Thompson, 394 U.S. 618, 634 (1969). The E. M. R. B.'s decision found compelling Nevada's interest in allowing appellant, as the elected bargaining representative, the "exclusive uses" here challenged. This view accorded with the case of Local 858 of A. F. of T. v. School D. No. 1 in Co. of Denver, 314 F.Supp. 1069, 1077 (D.Colo. 1970), wherein the court said: ". . . labor peace and stability in an area as vital as public education are indisputably a necessity to the attainment of that goal. Inter-union strife within the schools must be minimized. Unnecessary work stoppages and the consequent impairment of the educational process cannot be tolerated without significant injury to public education." Also in accord: Federation of Delaware Teach. v. De La Warr Bd. of Ed., 335 F.Supp. 385 (D.Del. 1971); and Bauch v. City of New York, 237 N.E.2d 211 (N.Y. 1968). Cf. Labor Board v. Jones & Laughlin 301 U.S. 1 (1937).

Neither the union nor respondent Triner sought judicial review of the E. M. R. B.'s ruling then, as authorized by NRS 288.130, and they are precluded from doing so now. See NRS

233B.130; NRS 233B.150. Cf. Arant v. Lane, 249 U.S. 367 (1919).

The order of the trial court is reversed and the case remanded with instructions to grant an injunction consistent with this opinion.