Sandra Lee **GRIFFIN**, etc., **Plaintiff,**

v.

Clarence R. **ABBOTT,** etc.,
**Defendant.**

No. **CIV–2–75–47.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

June 9, 1975.

Jim W. Stambaugh, Morristown, Tenn., for plaintiff.

Lawrence P. Leibowitz, Knoxville, Tenn., for defendant.

### MEMORANDUM OPINION

NEESE, District Judge.

This is an action for damages for deprivation of federally-protected civil rights. 42 U.S.C. § 1983. The defendant undertook to appear "specially" and moved for a dismissal of the complaint, on the ground that it failed to state a claim upon which relief can be granted. Rule 12(b)(6), Federal Rules of Civil Procedure.

■■ Even if such "special" appearance had been necessary in these circumstances [1] under the former practice, Rule 12, *supra*, now consolidates all pretrial defenses and objections, by eliminating the distinction between general and special appearances. *Martens* v. *Winder*, C.A. 9th (1965), 341 F.2d 197, 200, certiorari denied (1965), 382 U.S. 937, 86 S.Ct. 391, 15 L.Ed.2d 349–350. Special appearances, having thus been abolished, the appearance of the defendant is deemed to be general.

■ The plaintiff claims that her employment as a waitress was terminated by the defendant because of a physical blemish upon her arm.[2] She did not allege that the defendant was acting at the pertinent times under color of Ten-

---

1. It does not appear to the Court ever to have been necessary.

2. The Court indicates no opinion herein as to whether the plaintiff may state a claim of an unlawful employment practice of her former employer under the Civil Rights Act of 1964, Title VII, 42 U.S.C. § 2000e–2.

nessee law. It is the misuse of power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law which constitutes action taken under color of state law within the meaning of 42 U.S.C. § 1983. *United States v. Classic* (1941), 313 U.S. 299, 326, 61 S.Ct. 1031, 85 L.Ed. 1368, 1383 (headnote 19)., Further, the plaintiff does not designate in her complaint the federal constitutional right of which she claims she was deprived by the defendant.[3]

▮ Pretermitting for the moment all those considerations, however, the jurisdiction of this Court has not been invoked. 42 U.S.C. § 1983 gives a cause of action for deprivation of federal civil rights, but it does not grant jurisdiction to federal district courts. See *Hague v. Committee for Industrial Organization* (1939), 307 U.S. 496, 508, 59 S.Ct. 954, 83 L.Ed. 1423, 1433 (headnote 5). Under 28 U.S.C. § 1343(3), a federal district court has jurisdiction to entertain an action for damages under any act of the Congress providing for the protection of civil rights. *York v. Story*, C.A. 9th (1963), 324 F.2d 450, 452–453, certiorari denied (1964) 376 U.S. 939, 84 S.Ct. 794, 11 L.Ed.2d 659. If the latter statute is invoked specifically by the plaintiff, this Court has jurisdiction whether or not she has successfully stated a claim under the federal Civil Rights Act. *Ibid.*, 324 F.2d at 453[1].

▮ This Court shall not dismiss this action under 42 U.S.C. § 1983 at the pleading stage, unless it is made to appear to a certainty that the plaintiff would be entitled to no relief under any

state of facts which she could prove in support of her claim. *Jones v. Hopper*, C.A. 10th (1969), 410 F.2d 1323, 1326–1327[2], certiorari denied (1970), 397 U.S. 991, 90 S.Ct. 1111, 25 L.Ed.2d 399. The plaintiff made no timely response to the defendant's motion, Local Rule 12(b). Unless within 10 days herefrom, the plaintiff properly invokes the jurisdiction of this Court under 28 U.S.C. § 1343(3), and unless within that period of time the plaintiff responds to the defendant's motion, opposition of the plaintiff will be deemed waived, local Rule 11(f), and this action dismissed.

---

3. This would not be fatal to the complaint, if the Court's jurisdiction were properly invoked. See *York v. Story, infra.* "* * * Allegation of facts constituting a deprivation under color of state authority of a right guaranteed by the Fourteenth Amendment satisfies to that extent the requirement of * * *" 42 U.S.C. § 1983. *Monroe v. Pape* (1961), 365 U.S. 167, 171, 81 S.Ct. 473, 476, 5 L.Ed.

2d 492, 496 (headnote 2.) "* * * Whether the complaint states a cause of action on which relief could be granted is a question of law and * * * must be decided after and not before the court has assumed jurisdiction over the controversy. * * *" *Bell v. Hood* (1946), 327 U. S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed. 939, 943 (headnote 2).