The MEMPHIS AMERICAN FEDERA-
TION OF TEACHERS, LOCAL 2032
et al., Plaintiffs-Appellees,

v.

The BOARD OF EDUCATION OF MEM-
PHIS CITY SCHOOLS, a public body
corporate, et al., Defendants-Appellants.

No. 75–1764.

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 6, 1976.

Decided April 30, 1976.

Ernest Kelly, Jr., Evans, Petree, Cobb & Edwards, Memphis, Tenn., for defendants-appellants.

N. Richard Glassman, Memphis, Tenn., for plaintiffs-appellees.

Before PHILLIPS, Chief Judge, WEICK and CELEBREZZE, Circuit Judges.

WEICK, Circuit Judge.

The principal issue in this appeal is whether the Board of Education violated the constitutional rights of a rival labor union by refusing to extend to it the same rights and privileges previously granted by the Board to another organization of its professional employees, which organization it had duly recognized as representing all of its employees for collective bargaining purposes. The rival union represented fewer than three hundred of the employees. The duly recognized bargaining agent represented more than two-thirds of the fifty-four hundred employees of the Board; nevertheless the rival union made demand upon the Board to extend to it the same rights and privileges, and upon the Board's rejection of the demand it filed the present suit in the District Court.

The plaintiffs in the case are the Memphis American Federation of Teachers (MAFT) and two members of that organization individually and on behalf of a class, seeking to establish their constitutional entitlement to certain rights and privileges

previously granted by the Memphis Board of Education to the Memphis Education Association (MEA). MAFT sought declaratory and injunctive relief.

MAFT is an affiliate of the American Federation of Teachers, a national labor organization. MEA is an organization of professional employees of the Memphis City School System. It is possible to be a member of both organizations.

The parties stipulated the relevant facts. In 1970 the Board of Education recognized MEA as the authorized representative of all professional personnel in the Memphis City Schools. Such recognition was contingent upon MEA's continuing ability to substantiate that it represented two-thirds of the approximately fifty-four hundred professional employees in the Memphis Schools. At the time of the suit MEA's membership was well in excess of the two-thirds requirement and approximated 90% of the professional employees. MAFT's membership numbered fewer than three hundred professional employees.

In recognizing MEA as the exclusive representative of all professional personnel in the Memphis schools the Board granted to it certain privileges. Those privileges included the use of school bulletin boards, payroll deduction of union membership dues, use of school facilities for meetings without charge, and use of interschool and intraschool delivery ("mail") services, including faculty mailboxes.

After consideration of the depositions and the stipulations entered into by the parties the District Judge held that MAFT was unable to demonstrate any substantive abridgement of its First Amendment rights. However, the District Judge agreed with MAFT that the Board policy created a classification which violated its rights under the Equal Protection Clause of the Fourteenth Amendment. The District Judge ordered the Board to submit an amended policy statement with regard to the use of school bulletin boards and mail service, use

of school facilities for meetings, access to schools by persons not assigned to those schools, leave policy, payroll deduction of union dues, and the right to make announcements at faculty meetings. The amended policy statement ordered by the District Judge provided that the above-mentioned privileges would be granted equally not only to MAFT but also to all other bona fide organizations which claimed membership in excess of 225 and which may make application to the Superintendent.[1] The Court, however, did not require that MAFT be accorded equal recognition with MEA for purposes of conferring or negotiating with the Board over the terms and conditions of employment of its members.

The Board appealed. We reverse.

I

Before considering the issues raised in this appeal we must determine whether the federal courts have jurisdiction in this case. It was inappropriate for the District Court to assume the existence of jurisdiction and then to proceed to decide the merits of this case. Without a finding that there is federal jurisdiction over a particular claim for relief the federal courts are without power to proceed. *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514, 19 L.Ed. 264, 265 (1868).

Plaintiffs asserted both federal question and civil rights jurisdiction under 28 U.S.C. §§ 1331(a), 1343 and 2201 (pertains to declaratory judgments), and violation of the First and Fourteenth Amendments to the Constitution. In their complaint plaintiffs alleged that the matter in controversy exceeded the jurisdictional amount.

A number of jurisdictional problems were recognized by the District Judge. Because jurisdiction is properly asserted under § 1343 it is unnecessary for us to decide whether the prerequisites of § 1331 jurisdiction are met by the complaint, specifically

---

1. As drafted by the Board the amended policy statement applied to teacher organizations with membership exceeding 300; the District Judge reduced this membership requirement to 225 before approving the amended policy statement.

whether the matter in controversy in fact exceeds $10,000.

■ This action was brought by MAFT as an entity and by two members of MAFT in their individual capacities and as members of a class. The issue of whether MAFT has standing as a named plaintiff to sue under 42 U.S.C. § 1983 for the abridgement of the constitutional rights of its members, was one which troubled the District Court. We conclude that unions, as entities, are entitled to sue under § 1983 as "persons" to protect rights secured by the Constitution and laws of the United States. *Allee v. Medrano*, 416 U.S. 802, 819 n.13, 94 S.Ct. 2191, 2202, 40 L.Ed.2d 566, 582 (1974).

Since a union can act only through its members, actions by state or local officials which allegedly deny the constitutional rights of its members impede equally the rights of the union.[2]

We find that the District Court had jurisdiction in this case as the complaint states a cause of action against the Superintendent and the members of the School Board in their individual capacities. The qualified good faith immunity granted to school officials does not operate to bar federal jurisdiction. *See Wood v. Strickland*, 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975).

■ The right to bring an action under § 1983 against a local official in his individual capacity was upheld in *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), and in *Gay Students Organization of the Univ. of N. H. v. Bonner*, 509 F.2d 652, 655 (1st Cir. 1974). However, the defendant Board of Education in its position as a public body corporate is not a person and therefore is not amenable under § 1983 to this suit. *Kenosha v. Bruno*, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973).

II

■ We are faced, first, with the issue of whether First Amendment rights of MAFT were violated by the Board of Education's decision denying to it the privileges granted to MEA, in the public schools.

[A]bove all else, the First Amendment means that government has no power to restrict expression because of its message, its ideas, its subject matter, or its content.

*Police Dept. of Chicago v. Mosley*, 408 U.S. 92, 95, 92 S.Ct. 2286, 2290, 33 L.Ed.2d 212, 216 (1972). This language was quoted in *Hudgens v. NLRB*, 424 U.S. 507, 96 S.Ct. 1029, 47 L.Ed.2d 196 (44 U.S.L.W. 4281, 4285, March 3, 1976).

The grant of exclusive privileges by the Board to MEA did not involve the Board in regulating either the content or the subject matter of speech in its schools. The Board neither censored nor promoted a particular point of view. MEA was granted privileges because it was the recognized collective bargaining representative of well over two-thirds of the professional employees in the Memphis City Schools, and not because the Board attempted to regulate the content of the message conveyed to those professional employees. The exclusive privileges granted to MEA did not in any way impair the independent rights of other groups of teachers to exercise their First Amendment rights in the context of the school setting.

In the absence of any attempt by the Board to restrict the content or subject matter of speech in its schools, we agree with the holding of the District Judge that no substantive abridgement of First Amendment rights has been established by MAFT. *Fed'n of Del. Teachers v. De La Warr Bd. of Educ.*, 335 F.Supp. 385 (D.Del. 1971); *Local 858, A.F.T. v. School Dist. No. 1*, 314 F.Supp. 1069 (D.Colo.1970).

■ Second, we consider whether the grant of special privileges to MEA, because of its status as representative of more than two-thirds of the professional employees in the Memphis schools, was violative of MAFT's rights under the Equal Protection Clause of the Constitution. For purposes of

2. See also the concurring opinion of Chief Justice Burger in *Allee v. Medrano, supra*, 416 U.S. at 829, 94 S.Ct. at 2207, 40 L.Ed.2d at 588.

Equal Protection analysis it is clear that when fundamental rights or suspect classes are involved the state classification must be supported by a compelling state interest. *San Antonio Bd. of Educ. v. Rodriguez*, 411 U.S. 1, 16–17, 93 S.Ct. 1278, 1287–1288, 36 L.Ed.2d 16, 32–33 (1973). In *Rodriguez*, however, the compelling interest test was rejected.[3]

■ Designation of MEA as authorized representative of the professional employees in the Memphis school system and the concomitant grant of certain privileges involved no such fundamental right and did not involve a suspect class. Therefore, we examine the preferred position of MEA by inquiring whether the classification was rationally related to achieving a valid state objective (the "rational basis test").

■ It is clear that the goal of labor peace and stability was promoted by the Board's recognizing and attempting to deal with the organization which more than two-thirds of the Board's professional employees had chosen to join. Furthermore, by granting to MEA certain privileges the Board was able to accommodate the large number of its employees who were members of MEA without placing an undue strain on its facilities. Board policy served only to recognize the realities of labor relations in the Memphis school system. We agree that the preferred status of MEA was rationally related to the valid state objective of ensuring labor stability.

MEA's status was made contingent upon its continued ability to demonstrate that it represented over two-thirds of the professional employees in the Memphis school system. This fact alone compels us to conclude that the special privileges accorded to MEA

were based solely upon its status as a majority representative and as such were rationally related to the goal of labor peace.

The District Judge held that the Board's action was violative of the Equal Protection Clause and ordered that equal privileges be accorded not only to MAFT, but also to all other organizations of professional personnel whose membership was in excess of 225; however, he held that it was appropriate that the Board recognize MEA as the authorized representative for the purpose of negotiating with the Board over the terms and conditions of professional services.

The District Judge did not make clear the nature of the test he applied in determining the propriety of the Board's classification. It appears to us that the District Judge may have invoked the compelling state interest test. As we have previously stated, no fundamental rights were infringed by the Board granting special privileges to MEA, and no suspect classifications were involved; it was inappropriate to apply to the Board's action anything other than the rational basis test. The District Judge erred to the extent that he ruled that the Board's classification was not rationally related to promoting labor stability.

The content of the First Amendment rights of teachers in the school setting is not in question in this appeal. We hold that the grant of exclusive privileges to MEA by the Memphis Board of Education violated no First Amendment rights, and that the grant of those privileges survives rational basis scrutiny under the Equal Protection Clause. *Fed'n of Del. Teachers v. De La Warr Bd. of Educ., supra*; *Local 858, A.F.T. v. School Dist. No. 1, supra*. In each of these cases the Court held that, even applying the strict compelling interest

---

**3.** The compelling interest test was rejected in the following decisions: *Village of Belle Terre v. Boraas*, 416 U.S. 1, 94 S.Ct. 1536, 39 L.Ed.2d 797 (1974); *James v. Valtierra*, 402 U.S. 137, 142, 91 S.Ct. 1331, 1334, 28 L.Ed.2d 678, 683 (1971); *Dandridge v. Williams*, 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970); *McGowan v. Maryland*, 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961); *Skillken v. Toledo*, 528 F.2d 867 (6th Cir. 1975), *cert. pending*; *Citizens*

*Comm. for Faraday Woods v. Lindsay*, 507 F.2d 1065 (2d Cir. 1974), *cert. denied*, 421 U.S. 948, 95 S.Ct. 1679, 44 L.Ed.2d 102 (1975); *Mahaley v. Cuyahoga Metropolitan Housing Authority*, 500 F.2d 1087 (6th Cir. 1974), *cert. denied*, 419 U.S. 1108, 95 S.Ct. 781, 42 L.Ed.2d 805 (1975); *Ranjel v. Lansing*, 417 F.2d 321 (6th Cir. 1969), *cert. denied*, 397 U.S. 980, 90 S.Ct. 1105, 25 L.Ed.2d 390, *rehearing denied*, 397 U.S. 1059, 90 S.Ct. 1352, 25 L.Ed.2d 680 (1970).

test, the grant of exclusive privileges to an employee organization survived constitutional attack.

In our opinion the holding of the District Court constitutes an unwarranted incursion into the rights and practices of public employees in bargaining collectively with their employer.

Reversed and remanded to the District Court for proceedings consistent with this opinion.