Kenneth B. BOOHER, Plaintiff,

v.

John E. HOGANS, III, et al., Defendants.

No. CIV–2–77–139.

United States District Court, E. D. Tennessee, Northeastern Division.

March 8, 1978.

Charles Hampton White, Nashville, Tenn., for plaintiff.

W. Henry Haile, Nashville, Tenn., for defendants.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

The plaintiff Mr. Kenneth B. Booher filed herein a 10-page complaint [1] claiming a violation by the municipal board of education and its members and the superintendent of schools of Bristol, Tennessee of his federally-protected civil rights. In essence Mr. Booher asserts as a citizen of the United States that the defendants, under color of Tennessee law, subjected him, or caused him to be subjected, to the deprivation of rights, privileges and immunities secured to him by the Constitution, Fourteenth Amendment, Due Process Clause, 42 U.S.C. § 1983,[2] by terminating his former employ-

---

1. "* * * A pleading, which sets forth a claim for relief, * * * shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends * * *, (2) a *short* [emphasis supplied] and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief to which he deems himself entitled. * * *" Dismissal for lack of conciseness, Rule 8(e)(1), Federal Rules of Civil Procedure, is eschewed only because of *Azar v. Conley,* C.A.6th (1972), 456 F.2d 1382, 1390–1391[17].

2. "Every person who, under color of any statute * * * of any State, subjects or causes to be subjected, any citizen of the United States * * * to the deprivation of any rights, privileges, or immunities secured by the Constitution * * *, shall be liable to the party in-

ment as a tenured teacher in such school system.

■ The jurisdiction of this Court as to this claim was sought to be invoked by the plaintiff under 28 U.S.C. § 1343(3), (4).[3] The defendant the Board of Education of the City of Bristol, Tennessee is a public body corporate, obviously is not "a person", and is not amenable to action by Mr. Booher under that claim. *Memphis Am. Fed. of Tchrs., L. 2032 v. Bd. of Ed.,* C.A.6th (1976), 534 F.2d 699, 702[3].* This Court hereby DISMISSES Mr. Booher's claim against that defendant for lack of jurisdiction of the subject matter. Rule 12(h)(3), Federal Rules of Civil Procedure.

Mr. Booher seeks compensatory damages in excess of $10,000, exclusive of interest and costs, as well as injunctive relief, for the alleged violation of rights purportedly guaranteed him by the Constitution, Fourteenth Amendment, *supra,* and seeks to invoke this Court's jurisdiction of the resulting federal question. 28 U.S.C. § 1331(a).[4] He asks this federal Court also to exercise its pendent jurisdiction over his claim of rights under the provisions of the Tennessee Teacher's Tenure Act, T.C.A. §§ 49–1401, et seq. *United Mine Workers v. Gibbs* (1966), 383 U.S. 715, 721, 86 S.Ct. 1130, 16 L.Ed.2d 218, 225.

The defendant moved for a summary judgment, Rule 56(b), Federal Rules of Civil Procedure, supporting it with exhibits (including a transcript of the hearing of September 1, 1977 before the board of education of Bristol, Tennessee, at which Mr. Booher appeared personally and by counsel) and affidavits, Rule 56(e), Federal Rules of Civil Procedure. Summary judgment is to " * * * be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * " Rule 56(c), Federal Rules of Civil Procedure.

The plaintiff set forth no facts showing that there is a genuine issue for trial. " * * * When a motion for summary judgment is made and supported as provided in this rule [56, Federal Rules of Civil Procedure], an adverse party may not rest upon the mere allegations * * * of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. * * * " Rule 56(e), *supra.* The plaintiff waived any response, brief or affidavits, local Rule 12(b),[5] and his failure to file such brief timely is deemed a waiver of opposition to such motion of the defendants, local Rule 11(f).[6]

---

jured in an action at law. * * * " 42 U.S.C. § 1983.

**3.** "The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:
  *   *   *   *   *   *
  " * * * To redress the deprivation, under color of any State law, * * * of any right, privilege or immunity secured by the Constitution of the United States * * *;
  " * * * To recover damage or to secure equitable relief or other relief under any Act of Congress providing for the protection of civil rights. * * * " 28 U.S.C. § 1343(3)(4).

* The basis for this decision was reversed subsequently. *Monell v. New York City Dept. of Soc. Serv.* (1978), 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611.

**4.** " * * * The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value

of $10,000, exclusive of interest and costs, and arises under the Constitution * * * of the United States. * * * " 28 U.S.C. § 1331(a).

**5.** " * * *
  " * * * Counsel shall submit with all written motions a brief with authorities, and where allegations of fact are relied upon, affidavits in support thereof.
  " * * * Respondent's counsel desiring to submit a response, brief, or affidavits, shall submit the same within five days after service of [movant's] motion and brief, or said respondent's brief will be deemed waived."
  * * * Local Rules 12(a)(b).

**6.** " * * * In all cases in which, under these rules * * *, it is provided that a brief be filed in * * * opposition to any motion * * *, the failure to file such brief within the time prescribed may be deemed a waiver * * * of opposition thereto. * * * " Local Rule 11(f).

Apparently, Mr. Booher elected to rest merely on his pleading rather than coming forward to show genuine issues of fact between the parties, *Bryant v. Commonwealth of Kentucky,* C.A.6th (1974), 490 F.2d 1273, 1275[5], so that the matters established by the foregoing supporting submissions of the defendants stand herein uncontroverted, see *R. E. Cruise, Incorporated v. Bruggeman,* C.A.6th (1975), 508 F.2d 415, 416.

The facts herein, being clear, " * * * the only question is what rule of law is applicable. * * * " *Koepfle v. Garavaglia,* C.A.6th (1952), 200 F.2d 191, 193[2]. The facts bearing upon the issue of whether Mr. Booher was accorded due process will be summarized.

For the 9 years preceding the following events, Mr. Booher was employed as a teacher (of elementary physical education and high school drivers' training) in the Bristol, Tennessee (Bristol) school system and served as a football and tennis coach. He had acquired by the winter of 1977 "tenure" within the meaning of the Tennessee Teacher's Tenure Act, *supra.* During those months, Mr. Booher communicated to the defendant superintendent his desire to be relieved of his responsibilities as an athletic coach and to serve only as a classroom instructor (preferably in drivers' education) in the system's high school. Nonetheless, the superintendent wished Mr. Booher to continue his coaching of athletics.

He was reelected on March 15, 1977 as a teacher for the ensuing school year 1977–1978 by the Bristol board of education. The next day the superintendent notified Mr. Booher of his reelection by letter, stating therein that it was anticipated that Mr. Booher would continue in the same assignment he was filling in the school year 1976–1977.

During June, 1977 the school administrators determined to assign Mr. Booher to slightly different coaching duties along with his duties as a classroom instructor. He declined to sign a written contract for the 1977–1978 school year which was proffered to him. Instead, Mr. Booher wrote a letter to the superintendent on July 11, 1977 requesting that he be assigned to a teaching position in the high school of the system without additional duties as an athletic coach. The response to Mr. Booher of the superintendent was to the effect that, if he (Mr. Booher) did not execute and return the contract proffered to him earlier by July 20, 1977, the assumption would follow that he (Mr. Booher) did not wish to continue his employment in the Bristol school system. Mr. Booher made no timely response thereto.

Mr. Booher was invited by the superintendent to, and did, attend a called meeting of the Bristol board of education on August 2, 1977. Mr. Booher reiterated his foregoing stand to the board members in that meeting, stating that he would not sign any contract which required him to continue coaching athletics in the ensuing year. Consequently, such board voted not to rehire Mr. Booher for the next school year, and he was notified in writing the immediately following day that his services with the Bristol school system had been terminated.

Mr. Booher requested a hearing by the Bristol board of education on his termination, was given due notice thereof and that the specific charge against him was insubordination resulting from his refusal to execute the proffered contract. Mr. Booher appeared personally and through counsel thereat on September 1, 1977; witnesses were heard, including the plaintiff who again reiterated his determination not to sign any contract which required him to coach athletics; and, the members of that board voted unanimously that Mr. Booher's employment with the system would remain terminated.

Mr. Booher enjoyed no constitutionally-protected right to public employment, *Orr v. Trinter,* C.A.6th (1971), 444 F.2d 128, 133[2], certiorari denied (1972), 408 U.S. 943, 92 S.Ct. 2847, 33 L.Ed.2d 767, and had no consequent right, under either federal or state law, to insist upon any specific job-assignment which he desired, *Sullivan v. Brown,* C.A.6th (1976), 544 F.2d 279, 282[3];

*Coe v. Bogart,* C.A.6th (1975), 519 F.2d 10, 12–13[2]; T.C.A. § 49–1411; *Mitchell v. Garrett* (Tenn., 1974), 510 S.W.2d 894, 897–898; *State ex rel. Pemberton v. Wilson* (Tenn., 1972), 481 S.W.2d 760, 769; *State v. Yoakum* (1956), 201 Tenn. 180, 297 S.W.2d 635, 640[5]. In refusing to carry out the specific assignment of reasonable and un-discriminatory duties by the Bristol board of education, Mr. Booher was insubordinate.[7] His refusal to make a written contract with the Bristol board of education for the ensuing school year subjected him to the monetary penalty of a statute of Tennessee. T.C.A. § 49–1305.[8] Their allowing Mr. Booher to enter upon his duties as a teacher in the school system would have subjected the Bristol board of education to a monetary penalty in the same amount.

■ Mr. Booher, as a matter of law under these undisputed facts, was given federal procedural due process of law. " * * * The fundamental requirement of due process is an opportunity to be heard upon such notice and proceedings as are adequate to safeguard the right for which the constitutional protection is invoked. If that is preserved, the demands of due process are fulfilled. * * * " *Anderson Nat. Bank v. Luckett* (1944), 321 U.S. 233, 64 S.Ct. 599, 88 L.Ed. 499, 151 A.L.R. 824, 832 (headnote 16). Mr. Booher had proper notice of his due-process hearing as provided by state law, T.C.A. § 49–1414; he was heard in proceedings before the Bristol board of education which were adequate to safeguard his right to due process, as is required by the provisions of T.C.A. § 49–1416; and he had further due process available to him, but did not pursue it, by way of a judicial review de novo in the Chancery Court of Sullivan County, Tennessee, with an appeal as of right from its judgment to the Supreme Court of Tennessee, T.C.A. § 49–1417.

Instead, Mr. Booher forewent the state processes which were available to him and undertakes now to make "a federal case" out of a personnel matter involving the administration of the Tennessee Teacher's Tenure laws. As has been stated recently for the United States Supreme Court:

\* \* \* \* \* \*

The federal court is not the appropriate forum in which to review the multitude of personnel decisions that are made daily by public agencies. We must accept the harsh fact that numerous individual mistakes are inevitable in the day-to-day administration of our affairs. The United States Constitution cannot feasibly be construed to require federal judicial review for every such error. In the absence of any claim that the public employer was motivated by a desire to curtail or penalize the exercise of an employee's constitutionally protected rights, we must presume that the official action was regular and, if erroneous, can best be corrected in other ways. The Due Process Clause of the Fourteenth Amendment is not a guarantee against incorrect or ill-advised personnel decisions.

*Bishop v. Wood* (1976), 426 U.S. 341, 349–350, 96 S.Ct. 2074, 48 L.Ed.2d 684, 693[7, 8], quoted from in *Sullivan v. Brown, supra,* 544 F.2d at 284–285. There is absolutely no indication herein that the defendants were motivated by any desire to curtail or penalize Mr. Booher's constitutionally-protected rights; they wanted him to do the job for the school system they wanted him to do, but he wanted a different assignment: it's as simple as that.

■ If Mr. Booher is claiming a deprivation by the defendants of substantive due process of law under the Constitution, Four-

---

7. " * * * 'Insubordination' may consist of: * * * Refusal * * * to carry out specific assignments made by the board * * * when such * * * assignments are reasonable and not discriminatory." T.C.A. § 49–1401(12)(a).

8. " * * * All teachers must make a written contract with the county board of education at a fixed salary per month before entering upon their duties in any public elementary or high school. * * * Failure to comply with the provisions of this section shall subject the teacher and the county board of education to a fine of not less than twenty-five ($25.00) dollars. * * * " T.C.A. § 49–1305.

teenth Amendment, what has been said concerning procedural due process applies with equal force to that claim. The one is no greater than the other. *Ibid.,* 544 F.2d at 282. Furthermore, it is of no moment whether the foregoing is responsive to the effort at the invocation of this Court's jurisdiction under 28 U.S.C. § 1343(3), (4), or 28 U.S.C. § 1331(a), *supra* ; the correct result under either is the same.

The claim of Mr. Booher under the provisions of 42 U.S.C. § 1983, *supra,* being insubstantial, he cannot transfer his appropriately state-action to the federal courts by coupling with his federal claim a prayer that this Court exercise its pendent state jurisdiction. That cannot be accomplished by such a procedural device. *Burnett v. McNabb,* C.A.6th (1977), 565 F.2d 398, 400[2].

Concluding that the defendants are entitled to it as a matter of law,[9] their motion for a summary judgment hereby is GRANTED. Rule 56(c), *supra.* Summary judgment will enter that the plaintiff Mr. Kenneth B. Booher take nothing from the defendants Messrs. John E. Hogans, III, Frank W. Tilden, Shelbourne W. Wallace, Douglas S. Bassett, James E. Thomas, Dr. Kermit Lowry, and Mrs. John C. Paty, Jr., and that the plaintiff is DENIED all relief. Rule 58(1), Federal Rules of Civil Procedure.

---

**9.** This action is taken by the Court, fully mindful that an action under 42 U.S.C. § 1983 will not be dismissed at the pleading stage unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of the claim.

See *Griffin v. Abbott,* D.C.Tenn. (1975), 68 F.R.D. 241, 243; but see also and *cf. Memphis Am. Fed. of Tchrs., L. 2032 v. Bd. of Ed., supra,* 534 F.2d at 701[1], and *Sullivan v. Brown, supra,* 544 F.2d at 284[9].