**AMERICAN NATIONAL FIRE INSURANCE COMPANY,
Plaintiff,**

v.

**James C. CHICK, Defendant.**

**Civ. A. No. 3:85–0561.**

United States District Court,
M.D. Tennessee,
Nashville Division.

May 16, 1985.

---

Arthur McClellan, McClellan, Powers & Ehmling, Gallatin, Tenn., for plaintiff.

James C. McBroom, Finch & McBroom, Nashville, Tenn., for defendant.

## MEMORANDUM OPINION, ORDER, ALLOWANCE AND STAY

NEESE, Senior District Judge, Sitting by Designation and Assignment.

█ The plaintiff undertook to invoke the limited jurisdiction of this Court on two grounds. One was under " * * * the terms and provisions of 28 U.S.C. § 2201 * * *." This is a section of the federal Declaratory Judgment Act; it is only procedural in nature and does not serve as a required independent basis of federal jurisdiction, *Skelly*

*Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671, 70 S.Ct. 876, 878, 94 L.Ed. 1194 (1950).

█ The other ground of jurisdiction alleged was on the basis of the purported diverse citizenships of the respective parties hereto and the matter in controversy. The plaintiff alleged in conclusory fashion *inter alia* that " * * * the original [sic] [p]laintiff and [d]efendant are citizens of different states * * *."

This is insufficient. In such a situation, the *facts* which, in legal intendment, constitute the respective citizenships of the parties must " * * * be distinctly and positively averred. * * * " *Robertson v. Cease*, 7 Otto (97 U.S.) 646, 649–650, 25 L.Ed. 1057, 1058 (1878).

The plaintiff alleged distinctly and positively that its principal place of business is in Ohio, but it did not so allege the state or states by which it has been incorporated. This Court's jurisdiction in such a case is limited, as follows:

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000 exclusive of interest and costs, and is between— * * * citizens of different states."

28 U.S.C. § 1332(a)(1).

"For the purposes of this section * * *, a corporation shall be deemed a citizen of any State by which it is incorporated and of the State where it has its principal place of business * * *."

28 U.S.C. § 1332(c).

█ The allegations of the plaintiff aforementioned being defective, this Court is not at liberty to " * * * assume the existence [in fact] of [its] jurisdiction * * * [for] without a finding that there is federal jurisdiction over a particular claim for relief the federal courts are without power to proceed. * * * " *Memphis Am. Fed. of Tchrs., L. 2032 v. Bd. of Ed.*, 534 F.2d 699, 701[1] (6th Cir.1976), citing *Ex parte McCardle*, 7 Wall. (74 U.S.) 506, 514, 19 L.Ed. 264, 265 (1868). It is " * * * mandatory for a court to inquire [*sua sponte*] into its subject matter jurisdiction. * * * "

*Rauch v. Day & Night Mfg. Co.*, 576 F.2d 697, 699, n. 1 (6th Cir.1978).

█ (Apart from the foregoing, the plaintiff has not made " * * * a short and plain statement of the claim showing that [it] is entitled to relief * * *." Rule 8(a)(2), F.R.Civ.P. That Rule does not sanction the setting-out in the complaint of a detailed accounting of all the facts or theory on which the plaintiff's claim is based. *Taylor v. Nichols*, 409 F.Supp. 927, 932[4] (D.C.Kan.1976), *judg. aff'd.*, 558 F.2d 561 (10th Cir.1977).)

It appearing that this Court lacks jurisdiction of the subject-matter hereof under the present defective allegations of the plaintiff, this action hereby is

DISMISSED. Rule 12(h)(3), F.R.Civ.P. However: "Defective allegations of jurisdiction may be amended, upon terms, in the trial * * * Court." 28 U.S.C. § 1653.

On the condition * that the complaint herein is amended properly within 10 days herefrom, *id.*, if the facts permit, to invoke properly the subject-matter jurisdiction of this Court, such amendment(s) will be considered; this order of dismissal hereby is STAYED for 10 days to allow such.

---

* (The complaint should be redrafted in compliance with Rule 8(a)(2), *supra.*)