Ralph WELLS, Administrator of Estate of Robert Lee Daugherty, Deceased, Plaintiff,

v.

CELANESE CORPORATION OF AMERICA, a Foreign Corporation, Defendant.

Civ. A. No. 1716.

United States District Court
E. D. Tennessee,
Northeastern Division.

April 28, 1964.

---

Winfield B. Hale, Rogersville, Tenn., for plaintiff.

S. J. Milligan (Milligan, Silvers & Coleman), Greeneville, Tenn., and James Foglesong, Knoxville, Tenn., for defendant.

NEESE, District Judge.

█ This action was removed to this court from a state court on the basis of the claim of diversity of citizenship. As it is required to do, McNutt v. General Motors Acceptance Corp. (1936), 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135, 1141 (headnote 3), this Court is inquiring whether the jurisdiction of the state court has ever been divested.

█ Removal statutes must be strictly construed. "* * * The power reserved to the states under the Constitution to provide for the determination of controversies in their courts, may be restricted only by the action of Congress in conformity to the Judiciary Articles of the Constitution. 'Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined'. * * *" Shamrock Oil & Gas Corp. v. Sheets (1941), 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214, 1219 (headnote 4).

█ The removal petition herein avers that this action involves a controversy between citizens of different states; that the defendant is a foreign corporation, incorporated by Maryland,

"* * * with home office and principal office located in * * * Maryland"[1]; that the plaintiff is a citizen of Tennessee; and that all such was true at the time of the commencement of this action as well as at the time of the filing of the removal petition.

■ For the purpose of the removal statute, 28 U.S.C. § 1441(b), which governs this action, "* * * a corporation shall be deemed a citizen of *any* State by which it has been incorporated and of the State where it has its principal place of *business*." [emphasis supplied] 28 U.S.C. § 1332(c). Thus, before the plaintiff could be deprived of the jurisdiction of the state court he selected in which to bring this action, it was essential that the defendant allege, *inter alia,* in its removal petition sufficient facts to demonstrate that, at both the time of the commencement of the plaintiff's action and the time the defendant filed its removal petition the plaintiff and defendant were not citizens of the same state. This is of the essence of jurisdiction in this court and, being essential, the absence of such allegations can neither be overlooked nor supplied by inference. La Belle Box Co. v. Stricklin, C.C.A.6th (1914), 218 F. 529, 533 [5, 6].[2]

■■ Defective allegations of jurisdiction may be amended in federal courts any time such courts possess the jurisdiction to allow such amendments, 28 U. S.C. § 1653; but, after the expiration of the 20-day period allowed for the removal procedure, 28 U.S.C. § 1446(b), federal courts lack jurisdiction to grant amendment to supply *missing* allegations of jurisdiction; only amendments to cure *defective* allegations may then be allowed. Bradford v. Mitchell Brothers Truck Lines, et al., D.C.Cal. (1963), 217

F.Supp. 525; Franks v. City of Okemah, Okla., D.C.Okl. (1959), 175 F.Supp. 193. Where specific allegations of citizenship are inadequate to confer diversity jurisdiction, a federal court may acquire jurisdiction for amendment purposes from allegations in the record which negate completely the possibility that the plaintiff and the defendant are citizens of the same state. Evans-Hailey Company v. Crane Company, D.C.Tenn. (1962), 207 F.Supp. 193, 202 [8].

■■ It appears nowhere in this record that the defendant is not incorporated by Tennessee or that its principal place of business is not in Tennessee; so, the possibilities existed, at both times critical to this determination, that the defendant may have been incorporated by Tennessee and may have had its principal place of business in Tennessee, of which state, at both times, the plaintiff was a citizen. The necessary diversity of citizenship of the litigants, therefore, has not been pleaded, and the time for supplying corrective amendments has elapsed. F. & L. Drug Corp. v. American Central Ins. Co., D.C.Conn. (1961), 200 F.Supp. 718. Therefore, this Court's jurisdiction is limited to a determination of its own jurisdiction and the power to remand the case to the state court whence it came if it appears that the action was removed improvidently and without jurisdiction. 28 U.S.C. § 1447 (c); In Re MacNeil Bros. Co., C.A.1st (1958), 259 F.2d 386; McMahon v. Fontenot, D.C.Ark., (1963), 212 F.Supp. 812; Orleans Materials & Equipment Co. v. Isthmian Lines Inc., D.C.La. (1963), 213 F.Supp. 325.

It so appears to this Court and an order of remand of this action is being entered.

1. A corporation's home office or principal office is not necessarily its principal place of business. Washington-East Washington Joint Authority v. Roberts & Schaefer Co., D.C.Pa. (1960), 180 F.Supp. 15, 17 [3].

2. The force of this authority is not diminished by the allowance of a corrective amendment by the appellate court long after the case has been tried and while being considered on appeal.