**Grant SMITH, Plaintiff,**

v.

**FISHER PIERCE COMPANY, and Richard W. Kennedy, Defendants.**

**Civ. A. No. 1899.**

United States District Court
E. D. Tennessee,
Northeastern Division.

Nov. 15, 1965.

Phillips & Hale, Rogersville, Tenn., Winfield B. Hale, Jr., Rogersville, Tenn., of counsel, for plaintiff.

Hodges, Doughty & Carson, Knoxville, Tenn., John P. Davis, Jr., Knoxville, Tenn., of counsel, for defendant.

NEESE, District Judge.

The Court has previously ruled that the removal petition herein does not properly allege the diversity of citizenship of the plaintiff and the defendants at the time of the commencement in the state court of this action and at the time of its removal therefrom to this Court, see order of October 2, 1965, but counsel for the defendants was granted time in which to file a motion to correct the jurisdictional defect. The motion has now been filed, and defense counsel has filed a comprehensive brief seeking to support such motion.

The foregoing constitutes a fatal defect which cannot be corrected unless an offer to amend is made within the prescribed statutory period for the filing of a removal petition. Crehore v. Ohio & Mississippi Railway Company (1889), 131 U.S. 240, 9 S.Ct. 692, 33 L.Ed. 144; Mattingly v. Northwestern Virginia Railroad Co. (1895), 158 U.S. 53, 15 S.Ct. 725, 39 L.Ed. 893. While 28 U.S.C. § 1653 permits defective allegations of jurisdiction to be amended in this court, this section permits amendments to cure defects only of form, and not of substance. Kinney v. Columbia Savings & Loan Ass'n. (1903), 191 U.S. 78, 24 S.Ct. 30, 48 L.Ed. 103.

" * * * This means that an amendment will be allowed when there are enough facts alleged in the [removal] petition and accompanying pleadings to enable the court to determine without more than the basis for removal is present. Such is not the situation in the instant case. Section 1653 is, therefore, inapplicable. * * * " Bradford v. Mitchell Brothers Truck Lines, D.C.Cal. (1963), 217 F.Supp. 525, 528 [2].

Accordingly, the motion is denied and this action is ordered that it hereby is remanded to the Circuit Court of Hawkins County, Tennessee. The clerk will forthwith return the file and a certified copy of this opinion and order by United States mail to the Circuit Court Clerk, Hawkins County Courthouse, Rogersville, Tennessee.