Timothy W. DODRILL, Jr., Plaintiff,

v.

The NEW YORK CENTRAL RAILROAD
COMPANY, Defendant.

Civ. A. No. 6830.

United States District Court
S. D. Ohio, E. D.

Jan. 19, 1966.

Morrow & Gordon, Newark, Ohio, Donald M. Byrd, E. Clark Morrow and L. James Gordon, Newark, Ohio, of counsel, for plaintiff.

Wilson & Rector, Columbus, Ohio, Harrison Smith, Jr., Columbus, Ohio, of counsel, for defendant.

NEESE, District Judge (by designation).

This action was removed from a state court. 28 U.S.C. section 1441(b). The jurisdiction of this Court is dependent on the diversity of citizenship of the respective parties litigant. 28 U.S.C. section 1332(a) (1).

When this action came on for a pretrial conference, the undersigned judge noticed for the first time deficiencies in the allegations of diversity of citizenship which are necessary to clothe this Court with jurisdiction and to divest the state court of its jurisdiction. The pretrial conference was then suspended and coun-

sel were allowed time to submit briefs on the jurisdictional question. At issue is the sufficiency of allegations of citizenship of the corporate defendant in the light of the 1958 amendment to the diversity statute, 28 U.S.C. section 1332(c).

The defendant alleges in its removal petition, *inter alia:* (a) that at the time of the commencement of this action and its removal, the plaintiff was a citizen of Ohio; (b) that at the time of the removal of this action from the state court, the defendant was incorporated by Delaware; and (c) that at both pertinent times, the defendant had its principal place of business in New York. It is obvious that the allegation in (b), supra, is defective, in that it is not also alleged that at the time of the commencement of this action the defendant was incorporated by Delaware. Kinney v. Columbia Savings & c. Assn. (1903), 191 U.S. 78, 81, 24 S. Ct. 30, 48 L.Ed. 103. However, the plaintiff in his original petition in the state court alleged that the defendant, at the time of the commencement of this action, was incorporated by Delaware. The aforementioned allegation, thus being merely defective, rather than deficient, may be amended in the removal petition so as to cure that defect. 28 U.S.C. section 1653.

The further question is whether the Court can ascertain from the record evident immediately following removal that there is diversity of citizenship between the plaintiff and the corporate defendant, if amended in accordance with the foregoing. Insofar as an individual person is concerned, he is a citizen of the state in which he has his domicile, Ellis v. Southeast Construction Co., C.A. 8th (1958), 260 F.2d 280, 281 [1–3], so that the allegation that such person is a citizen of a particular state at a particular time is a rebuttable allegation of fact which, for purposes of federal diversity jurisdiction, creates a presumption of the truthfulness of such fact. Updike v. West, C.A. 10th (1949), 172 F.2d 663, 666 [4, 5], certiorari denied (1949), 337 U.S. 908, 69 S.Ct. 1050, 93 L.Ed.

1720. Since 1958, however, the same is not true of corporate parties, because, for purposes of removal and diversity, a corporate litigant is to be *deemed* a citizen of *any* state *by* which it is incorporated *and* of the state wherein it has its principal place of business. 28 U.S.C. section 1332(c). Should it appear from the pleadings that a corporate party is incorporated by, or has its principal place of business in, *any* state of which its adversary litigant is a citizen, then, in that event, there is no diversity between such litigants. Thus, the allegation that a corporate party in a diversity action *is* incorporated by a particular state does not permit the inference that it is not also incorporated by one or more other states, nor that its principal place of business is within the state of incorporation alleged.

Counsel for the defendant, in a comprehensive and logical brief, contends that the statement in a pleading that a corporation is incorporated by a particular state should give rise to an inference that such corporation is not also incorporated by another state or other states, particularly where it is alleged further that the controversy is wholly between citizens of different states. The signature of an attorney on a pleading does constitute his certificate that, *inter alia,* to his best knowledge, information and belief, there is good ground to support that pleading. Rule 11, Federal Rules of Civil Procedure. But a court burdened with the duty not to entertain jurisdiction " * * * if it does not affirmatively appear * * * ", Kinney v. Columbia Savings & L. Assn., supra, cannot infer its jurisdiction from an attorney's certificate. A court can no more infer from such statement that a corporate litigant is incorporated by only the state alleged than it could infer therefrom that such corporation had its principal place of business in the alleged state of incorporation. Where certain allegations are the essence of jurisdiction, they are essential; being essential, their absence can neither be overlooked nor supplied by inference. La Belle Box

Co. v. Stricklin, C.C.A. 6th (1914), 218 F. 529, 533 [5, 6].

Likewise, a conclusionary allegation by a removing defendant that the controversy is wholly between citizens of different states " * * * may be entirely true without negating the possibility that [the litigating parties] are also citizens of the same state whenever one of the parties is a corporation. * * * " Evans-Hailey Company v. Crane Company, D.C.Tenn. (1962) 207 F.Supp. 193, 202 [9]. Neither does a conclusionary allegation that a federal district court has jurisdiction under 28 U.S.C. section 1332 invoke such jurisdiction. Even the stipulation by parties themselves cannot confer jurisdiction on this Court or alter the law with reference to jurisdiction. In re Leeds Homes, Inc., D.C.Tenn. (1963), 222 F.Supp. 20, 28 [4, 5], affirmed C.A. 6th (1964), 332 F.2d 648, certiorari denied sub nom. Tate v. National Acceptance Co. of America (1964), 379 U.S. 836, 85 S.Ct. 71, 13 L.Ed.2d 43.

There is further reason why the citizenship of the defendant in a removal action must affirmatively appear, *i. e.*, 28 U.S.C. section 1441(b) limits the right of removal to the federal court from a state court to situations where " * * none of the parties * * * joined and served as defendants is a citizen of the State in which such action is brought. * * * " Thus, before any right of removal may be invoked by a defendant, there must be an initial showing that no defendant is a citizen of the initial forum state. The allegation that a corporate defendant is incorporated by one or more states and has its principal place of business in a particular state could conceivably be accurate without disposing also of the question of the defendant's citizenship in the state of forum.

It must be concluded that this Court, on the record reaching it on this ex parte removal, has no means of ascertaining from the aggregate of the affirmative allegations therein that the corporate defendant is not to be deemed, for the purposes of removal and diversity, a citizen of Ohio, the same state of which the plaintiff is alleged to be a citizen. The Congress historically has evinced its purpose to restrict the jurisdiction of federal courts on removal. Accordingly, trial courts must strictly and technically construe the removal statutes. " * * * The power reserved to the states under the Constitution to provide for the determination of controversies in their courts, may be restricted only by the action of Congress in conformity to the Judiciary Articles of the Constitution. 'Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined'. * * * " Shamrock Oil & Gas Corp. v. Sheets (1941), 313 U.S. 100, 108–109, 61 S.Ct. 868, 872, 85 L.Ed. 1214.

The defendant has offered an amendment to supply now the missing allegation. However, after the expiration of the period allowed for the removal procedure, 28 U.S.C. section 1446(b), federal courts lack jurisdiction to supply missing allegations of jurisdiction; only amendments to cure defective allegations may then be allowed. Wells v. Celanese Corporation of America, D.C.Tenn. (1964), 239 F.Supp. 602, 604 [5, 6], and cases there cited. The time for supplying corrective amendments having elapsed, this Court's jurisdiction is limited to a determination of its own jurisdiction and the power to remand the case to the state court whence it came where it appears that the action was removed improvidently and without jurisdiction. 28 U.S.C. section 1447(c); Wells v. Celanese Corporation of America, supra, 239 F.Supp. at p. 604 [7, 8] and cases there cited.

Applying the foregoing concepts, it appears to this Court, before final judgment herein, that this action was removed from the state court improvidently and without jurisdiction, and that it must be re-

manded. 28 U.S.C. section 1447(c). Accordingly, this action hereby is

Remanded to the Common Pleas Court of Licking County, Ohio for further proceedings. It is ordered that any costs incident to such improvident removal be taxed against the defendant, and that the clerk forthwith mail a certified copy of this memorandum opinion and order to the clerk of said court at Newark, Ohio.