Mary Pepper Wells FORT et al., Plaintiffs,

v.

RALSTON PURINA COMPANY et al., Defendants.

No. CIV–4–78–9.

United States District Court,
E. D. Tennessee,
Winchester Division.

March 31, 1978.

K. Dickson Grissom, Shelbyville, Tenn., for plaintiffs.

John T. Conners, Jr., Boult, Cummings, Conners & Berry, Nashville, Tenn., for defendants.

MEMORANDUM OPINION AND
ORDER OF REMAND

NEESE, District Judge.

The defendants filed a "civil petition for removal" with the clerk of this Court,

attempting to remove this action from the Circuit Court of Bedford County, Tennessee, in which it was commenced on February 9, 1978. The basis of such removal is apparently the diversity of citizenship of the parties and the requisite amount in controversy. 28 U.S.C. § 1332(a)(1), (c). This Court considers *sua sponte* whether its removal jurisdiction has been properly invoked; for, without a finding that such jurisdiction exists, this Court is without power to proceed. *Memphis Am. Fed. of Tchrs., L. 2032 v. Bd. of Ed.*, C.A.6th (1976), 534 F.2d 699, 701[1]; *Farris v. Youngblood*, D.C.Tenn. (1965), 248 F.Supp. 598, 599[1].

The right of removal from a state court to a federal court exists only in certain enumerated classes of cases, and for one to exercise such right, " * * * it is essential that the case be shown to be within one of those classes; and this must be done by a verified petition setting forth * * * the particular facts, not already appearing, out of which the right arises. * * * " *Chesapeake & O. R. Co. v. Cockrell* (1914), 232 U.S. 146, 151–152, 34 S.Ct. 278, 280, 58 L.Ed. 544, 547. The defendant always has the burden of establishing that removal was proper, *Wilson v. Republic Iron & Steel Co.* (1921), 257 U.S. 92, 97, 42 S.Ct. 35, 66 L.Ed. 144, 148 (headnote 7); and the removal statutes must be strictly construed, *Shamrock Oil and Gas Corp. v. Sheets* (1941), 313 U.S. 100, 108, 61 S.Ct. 868, 85 L.Ed. 1214, 1219 (headnote 4). Therefore, a defendant seeking to remove a case from a state court to a federal court on the ground of diversity of citizenship and the amount in controversy is required to allege, in the removal petition, sufficient facts to demonstrate that, both when the action was commenced in the state court and when the removal petition was filed, the plaintiffs and the defendants were not citizens of the same state. *Smith v. Fisher Pierce Company*, D.C.Tenn. (1965), 248 F.Supp. 815, 816[2]; *Wells v. Celanese Corporation of America*, D.C.Tenn. (1964), 239 F.Supp. 602, 604[4].

The removal petition herein is deficient in two aspects: First, there is no allegation therein as to the state or states of incorporation of either defendant at the time this action was commenced in the state court. Secondly, such petition fails to aver the principal place of business of either corporate defendant either at the time this action was commenced in the state court or at the time it was attempted to be removed to this Court.

Since July 25, 1958, a corporation has been deemed to be a citizen of both the state in which it has its principal place of business, and the state (or states) by which it has been incorporated. 28 U.S.C. § 1332(c). " * * * In cases where jurisdiction depends upon the citizenship of the parties, such citizenship, or the facts which in legal intendment constitute it, should be distinctly and positively averred. * * * " *Robertson v. Cease* (1878), 97 U.S. 646, 649–650, 24 L.Ed. 1057, 1058. Thus, for almost 20 years, it has been necessary to plead both the state or states of incorporation and the state in which the corporation has its principal place of business in order to show that diversity of citizenship exists where a corporate party is involved. *Veeck v. Commodity Enterprises, Inc.*, C.A.9th (1973), 487 F.2d 423, 426[5]; *Moore v. Sylvania Electric Products, Inc.*, C.A.3d (1972), 454 F.2d 81, 84, n. 1[9]; *Fawvor v. Texaco, Inc.*, D.C. Tex. (1975), 387 F.Supp. 626, 628[1]; see also Form 2(a), Federal Rules of Civil Procedure, Appendix of Forms.

The failure of the defendants to allege in their removal petition herein the aforementioned matters constitutes a fatal deficiency which cannot be corrected unless an offer to amend such petition had been made within the prescribed 30-day statutory period for filing removal petitions. *Smith v. Fisher Pierce Company, supra*, 248 F.Supp. at 815[1]; *Smith v. Dealers Transit, Inc.*, D.C.Tenn. (1964), 239 F.Supp. 605, 607[4]. It appears beyond doubt that such period has now expired.*

---

* The defendants' petition for removal avers that a copy of the summons and complaint issued by the state court was served upon them on February 22, 1978.

It thus appearing that this action was removed improvidently and without jurisdiction, it hereby is REMANDED to the Circuit Court of Bedford County, Tennessee. 28 U.S.C. § 1447(c). The clerk of this Court will serve by postal service a certified copy of this order on the clerk of the aforementioned state court. Costs of such removal will be taxed against the defendants. *Idem.*