ESTEP AND ASSOCIATES,
INC., Plaintiff,

v.

LEONARD HILL AND SONS,
etc., Defendants.

No. CIV-4-82-20.

United States District Court,
E. D. Tennessee,
Winchester Division.

April 27, 1982.

Kirk C. Waite, Nashville, Tenn., for plaintiff.

Doyle E. Richardson, Tullahoma, Tenn., for defendants.

## MEMORANDUM OPINION

NEESE, District Judge.

This is a civil action by the plaintiff-corporation for damages for the breach by the defendant-partnership of their contract. The plaintiff undertook in its complaint of March 3, 1982 to invoke the jurisdiction of this Court on the bases of the allegedly diverse citizenships of the parties and the matter in controversy. 28 U.S.C. § 1332(a)(1), (c).*

* "* * * The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between—* * * citizens of different states * * *." 28 U.S.C. § 1332(a)(1).

"(c) For the purposes of this section * * *, a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business * * *." 28 U.S.C. § 1332(c).

The defendant (inexplicably changing therein the title of this action so as to show the "Defendants" to be "Leonard Hill & Sons, Dairy, Inc.") made a motion for a dismissal on the ground *inter alia* of this Court's lack of jurisdiction of the subject-matter hereof. Rule 12(b)(1), Federal Rules of Civil Procedure. Thereafter, the plaintiff amended its complaint, Rule 15(a), Federal Rules of Civil Procedure; however, its allegations of jurisdiction remain defective even after such amendment; such amendment related back to the original pleading of the plaintiff. Rule 15(c), Federal Rules of Civil Procedure.

As to jurisdiction, the plaintiff alleged *inter alia* :

—it is a Kentucky corporation;

—its principal place of business is in Kentucky, and it " * * * does not have a principal place of business in * * * Tennessee;

—the defendant is a partnership consisting of Messrs. Leonard Hill, David Hill and Wayne Hill;

—that partnership's place of business is in Tennessee. " * * * The Defendant does not have a principal place of business in * * * " Kentucky;

—" * * * [T]he monetary amounts exceeds ten thousand dollars ($10,000.00). * * * "

Had the plaintiff followed form 2 contained in the Federal Rules of Civil Procedure, Appendix of Forms, as it relates to allegations of jurisdiction herein, same might have been " * * * sufficient under the rules * * *." Rule 84, Federal Rules of Civil Procedure. In pertinent part as paraphrased in relation hereto, that form provides:

Plaintiff is a * * * corporation incorporated under the laws of the State of [Kentucky] having its principal place of business in the State of [Kentucky] and defendant[s, each, is a citizen of Tennessee and general partners doing business as Leonard Hill & Sons.] The matter in controversy exceeds, exclusive of interest and costs, the sum of ten thousand dollars.

Obviously, there is a wide-ranging disparity between that form and the plaintiff's allegations, and the latter are defective.

### Jurisdictional Amount

■ The first requirement for so-called diversity-jurisdiction is that " * * * the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs * * *." The plaintiff's allegation of " * * * the monetary amount * * * " herein fails to pass muster under that requirement.

■ It is patent as alleged in the complaint that the proposed claim of the plaintiff monetarily is $44,989.77 " * * * principal and interest. * * * " But, what part of that amount constitutes interest is not shown. Whatever amount of interest has accrued on the contract implicated, it " * * * may not be considered in making up the jurisdictional amount. * * * " *Alropa Corporation v. Myers*, D.C.Del. (1944), 55 F.Supp. 936, 938[1].

### Diversity of Citizenship of All Opposing Parties

■ " * * * In an extended line of cases, the Supreme Court has consistently held that, where non-corporate entities—including partnerships—are concerned, the courts should look to the citizenship of [each] of the persons comprising such organizations in order to determine whether there is compliance with the diversity standard. [Footnote reference omitted.] In effect, an unincorporated association has been viewed as a citizen of each state in which it has a member. * * * " *Carlsberg Resources Corp. v. Cambria Sav. & L.*, C.A.3d (1977), 554 F.(2d) 1254, 1258, citing *inter alia United Steelworkers v. R. H. Bouligny, Inc.* (1965), 382 U.S. 145, 86 S.Ct. 272, 15 L.Ed.(2d) 217. The plaintiff does not allege the state of citizenship of any member of the general partnership-defendant; therefore, it cannot be determined facially from the complaint whether there is complete diversity of citizenship between the plaintiff-corporation, on the one hand, and each of the defendants-partners, on the other.

■ Complete diversity of citizenship is required in an action of this ilk between all parties opposed in interest, if the diversity jurisdiction of this Court is to obtain. *Strawbridge v. Curtiss* (1806), 7 U.S. (3 Cranch) 267, 2 L.Ed. 435. Even with an amendment supplying the deficient allegations, as it now stands, there would be nothing in the complaint to negate the possible conclusion that the plaintiff is not also incorporated by any state of which a defendant-partner is also a citizen. " * * * When jurisdiction depends on citizenship, citizenship should be 'distinctly and affirmatively alleged.' * * * " *McGovern v. American Airlines, Inc.*, C.A.5th (1975), 511 F.(2d) 653, 654[2], rehearing and rehearing en banc denied 514 F.(2d) 1072 (table); *accord: Dodrill v. New York Central Railroad Company*, D.C.Ohio (1966), 253 F.Supp. 564, 576[12] (per Neese, J.).

The Court does not reach the alternative ground of the defendant's motion. " * * * [W]ithout a finding that there is federal jurisdiction over a particular claim for relief the federal courts are without power to proceed. * * * " *Memphis Am. Fed. of Tchrs., L. 2032 v. Bd. of Ed.*, (6th Cir.) 534 F.(2d) 699, 701[1], citing *Ex parte McCardle* (1868), 74 U.S. (7 Wall.) 506, 514, 19 L.Ed. 264, 265. It is " * * * mandatory for a court to inquire into its subject-matter jurisdiction. * * * " *Rauch v. Day & Night Mfg. Corp.*, C.A. 6th (1978), 576 F.(2d) 697, 699, n. 1.

However: "Defective allegations of jurisdiction may be amended, upon terms, in the trial * * * courts." 28 U.S.C. § 1653. The Court will abate this matter for a reasonable time to accord the plaintiff an additional opportunity to invoke properly its jurisdiction.