Sharon **WENGER**, Plaintiff,

v.

**WESTERN RESERVE LIFE ASSURANCE COMPANY OF OHIO**, Defendant.

Civ. A. No. 3–83–0504.

United States District Court, M.D. Tennessee, Nashville Division.

July 13, 1983.

Paul D. Welker, Clarksville, Tenn., for plaintiff.

Richard H. Batson, Clarksville, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER OF REMAND

NEESE, Senior District Judge, sitting by designation and assignment.

■ The defendant filed with the clerk of this Court a petition seeking to remove this action to this Court from the state court in which it was commenced. 28 U.S.C. § 1446(a). This Court must consider *sua sponte* whether its removal jurisdiction was properly invoked, *see Stokes v. Merrill Lynch, Pierce, Feener & Smith*, 523 F.2d 433, 437 (6th Cir.1975); for, without a finding that such jurisdiction exists, this Court has no power to proceed, *Memphis Am. Fed. of Tchrs., L. 2032 v. Bd. of Ed.*, 534 F.2d 699, 701 [1] (6th Cir.1976). Such a jurisdictional inquiry is mandatory. *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 699 n. 1 (6th Cir.1978).

■ The right of removal from a state to a federal court exists only in certain enumerated classes of cases, and for one to exercise such right, " * * * it is essential that the case be shown to be within one of those classes; and this must be done by a verified petition setting forth * * * the particular facts, not already appearing, out of which the right arises. * * * " *Chesapeake & O.R. Co. v. Cockrell*, 232 U.S. 146, 151–152, 34 S.Ct. 278, 279–280, 58 L.Ed. 544,

547 (1914). The defendant bears the burden of establishing that removal was proper, *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97, 42 S.Ct. 35, 37, 66 L.Ed. 144, 148 (headnote 7) (1921), and the removal status must be construed strictly in favor of state-court jurisdiction, *Shamrock Oil and Gas Corp. v. Sheets,* 313 U.S. 100, 108, 61 S.Ct. 868, 872, 85 L.Ed. 1214, 1219 (headnote 4) (1941).

■ Where, as here, a defendant seeks to remove a case from a state court to a federal court on the grounds of diversity of citizenship and the matter in controversy, allegations are required in the removal-petition of sufficient facts to demonstrate that, both when the action was commenced in the state court and when the removal-petition was filed, the plaintiff and the defendant were not citizens of the same state. *Fort v. Ralston Purina Co.,* 452 F.Supp. 241, 242 [5] (D.C.Tenn.1978); *Smith v. Fisher Pierce Company,* 248 F.Supp. 815, 816 [2] (D.C. Tenn.1965); *Wells v. Celanese Corporation of America,* 239 F.Supp. 602, 604 (D.C.Tenn. 1964). The failure of the defendant to allege such facts constitutes a fatal deficiency which cannot be corrected unless an offer to amend the removal-petition is made within the 30-day statutory-period prescribed for filing such petitions. *Fort v. Ralston Purina Co., supra,* 452 F.Supp. at 242 [7]; *Smith v. Fisher Pierce Company, supra,* 248 F.Supp. at 815 [1]; *Smith v. Dealers Transit, Inc.,* 239 F.Supp. 605, 607 [4] (D.C.Tenn. 1964); *Evans-Hailey Company v. Crane Company,* 207 F.Supp. 193, 202 [8], [9] (D.C. Tenn.1962), *app. dism'd,* 382 U.S. 801, 86 S.Ct. 10, 15 L.Ed.2d 55 (1965).

■ The removal-petition herein is deficient fatally in several aspects: First, there is no allegation as to the place of the principal place of business of the defendant at the time this action was commenced in the state-Court.[1] Secondly, there is no averment of its principal place of business at the time the petition for removal herein was filed. Thirdly, it is not alleged by what state (or states) the defendant was incorporated at the time this action was commenced in the state-Court. And lastly, there is no allegation of the state of citizenship of the plaintiff at the time the case was filed in the state-Court.

■ The defendant's averments of *residence* are wholly insufficient for purposes of removal. *Realty Holding Co. v. Donaldson,* 268 U.S. 398, 399, 45 S.Ct. 521, 69 L.Ed. 1014, 1015 (1925); *Neel v. Pennsylvania Co.,* 157 U.S. 153, 15 S.Ct. 589, 39 L.Ed. 654 (1895); *see* 28 U.S.C. § 1332(a); form 2(a), F.R.Civ.P., app. of forms. The allegation that this action is "between citizens of different States" may be entirely true, but that does not negate the possibility that the action is also between citizens of the same state where, as here, one party is a corporation. *Dodrill v. New York Central Railroad Company,* 253 F.Supp. 564, 567 [12] (D.C. Ohio 1966); *per* Neese, J.); *Evans-Hailey Company v. Crane Company, supra,* 207 F.Supp. at 202. Alleging that this action is within this Court's original jurisdiction under 28 U.S.C. § 1332 is not sufficient to invoke such jurisdiction. *Id.,* 253 F.Supp. at 567 [13] and 207 F.Supp. at 202; specific facts must have been alleged so that this Court itself will be able to decide whether such jurisdiction exists. *See Van Horn v. Western Elec. Co.,* 424 F.Supp. 920, 923 (D.C.Mich.1977).

■ Due regard for the rightful independence of state-governments, which should actuate federal courts, requires that the latter confine scrupulously their own jurisdiction to the precise limits which the Congress has defined. *Victory Carriers, Inc. v. Law,* 404 U.S. 202, 212, 92 S.Ct. 418, 425, 30 L.Ed.2d 383, 391 (1971), *reh. den.,* 404 U.S. 1064, 92 S.Ct. 731, 30 L.Ed.2d 753 (1972). The removal of cases on the ground of diversity of citizenship is a derogation of state-sovereignty and is not necessarily favored under the law. *Jennings v. Cantrell,* 392 F.Supp. 563, 564 (D.C.Tenn.1974).

---

1. Since 1958, an allegation of the principal place of business of a corporate party has been required. *See* form 2(a), F.R.Civ.P., app. of forms; 28 U.S.C. § 1332(c), Pub.L. 85–554, § 2, 72 Stat. 415; 5 Wright & Miller, 87, Federal Practice and Procedure: Civil § 1208.

If there is any doubt as to the removability of an action, it should be remanded to the state court. *Jones v. General Tire & Rubber Co.,* 541 F.2d 660, 664 [9] (7th Cir. 1976). This is so because:

\* \* \* \* \* \*

If removal jurisdiction is doubtful, a remand spares both the courts and the parties the burden of litigation that may turn out to have been an exercise in futility, when years later, an appellate court determines that subject matter jurisdiction was lacking *ab initio.* Further, remanding the doubtful case serves the interest of the state in having its own court interpret and apply state law. [citations omitted].

\* \* \* \* \* \*

*Irving Trust Co. v. Century Export & Import,* 464 F.Supp. 1232, 1236 n. 8 (D.C.N.Y. 1979).[2] Accordingly, this action hereby is

REMANDED to the Chancery Court for Montgomery County, Tennessee. 28 U.S.C. § 1447(c). The clerk of this Court will serve by postal service a certified copy of this order on the clerk and master of such county and will tax all costs of removal against the defendant. *Id.*

---

2. The Court of Appeals for our Circuit has recognized also the advantages of having the state-courts decide actions such as this, having noted that, in diversity cases, the federal courts are " \* \* \* required to assign precious time to the fruitless task of rendering decisions involving only questions of state law which will lack precedential value. \* \* \* " *Knox v. Eli Lilly and Company,* 592 F.2d 317, 319 (6th Cir.1979). When those cases proceed through the federal-system, the federal courts must apply the law of the state as pronounced by its highest court; but, when they are tried in the state-courts, the way is set for the state's highest court to reverse itself and to adopt whatever it may find to be the better rule of law regardless of what it might have ruled in the past. *Troutman v. State Farm Fire & Cas. Co.,* 570 F.2d 658, 658–659 (6th Cir.1978).

" \* \* \* Federal courts, unlike state courts, are not general common law courts and do not possess a general power to develop and apply their own rules of decision. \* \* \* " *Milwaukee v. Illinois,* 451 U.S. 304, 312, 101 S.Ct. 1784, 1790, 68 L.Ed.2d 114, 123 [3] (1981).