**NASCO, INC.**

v.

**Don NORSWORTHY, et al.**

No. 3–91–1065.

United States District Court,
M.D. Tennessee,
Nashville Division.

Feb. 26, 1992.

Michael L. Silhol, Waller, Lansden, Dortch & Davis, Nashville, Tenn., Dennis James Meaker, Springfield, Tenn., for plaintiff.

Charles Patrick Flynn, Karl D. Warden, Flynn & Neenan, Nashville, Tenn., for defendants.

### MEMORANDUM

HIGGINS, District Judge.

The Court has before it the plaintiff's motion to remand this action to the Circuit Court for Robertson County, Tennessee (filed January 21, 1992; Docket Entry No. 9).

For reasons set forth below, the Court grants the plaintiff's motion and remands this action.

## I. Background.

Plaintiff Nasco, a Tennessee corporation, originally brought this action on August 23, 1991, in the Circuit Court for Robertson County, seeking declaratory relief in regard to termination and stock option rights of certain former employees of the company. When originally filed, defendant Don Norsworthy, a resident[1] of the State of Texas, was the only defendant. Defendant Norsworthy received service of the original action by certified mail on August 26, 1991.

On September 13, 1991, Nasco amended its complaint, adding three other former employees as defendants: Ron Hallmark, a resident of the State of Texas; Ron Clark, a resident of the State of Tennessee; and Michael Almeida, a resident of the State of Minnesota. Nasco subsequently settled its dispute with defendant Clark, and dismissed him from this action on November 27, 1991. The remaining defendants received notice of Clark's dismissal on November 29, 1991.

On December 27, 1991, twenty-eight days after receipt of the notice of the dismissal of defendant Clark, defendants Norsworthy, Hallmark and Almeida removed this action to this Court. *See* Notice of Removal (filed December 27, 1991; Docket Entry No. 1). As grounds for removal, the defendant stated as follows:

1. There is complete diversity of citizenship of the parties; Defendant, Norsworthy and Defendant, Hallmark are residents of the State of Texas; Defendant Almeida is a resident of the State of Minnesota; Defendant Ron Clark, who is a Tennessee resident, has been voluntarily dismissed for the suit by Plaintiff on November 27, 1991; Plaintiff, Nasco, Inc. is a corporation organized and existing under the laws of the State of Tennessee with its principal place of business in the State of Tennessee.

*Id.* at 1. The defendants also stated that the amount in controversy exceeds $50,000. *See id.*

At some point after the filing of the original complaint, and before the filing of the amended complaint, defendant Norsworthy commenced an action against Nasco in the 191st Judicial District Court of Dallas County, Texas. Nasco removed that action to the United States District Court for the Northern District of Texas where it is currently pending. Nasco has filed a motion to stay that action pending a resolution in this case. Similarly, after the filing of the amended complaint in this action and prior to removal to this Court, defendants Hallmark and Almeida commenced an action against Nasco in the United States District Court for the Northern District of Texas. Again, Nasco filed a motion to stay that action pending a resolution in this case. The federal district court in Texas has granted stays in both of these actions. *See* Docket Entry No. 16 (filed February 19, 1992).

It is undisputed that the issues presented in the two Texas actions are virtually identical to the issue presented in this action. Further, a review of the chronology of events also reveals that, while the action before this Court was the first to be filed, it is the last case of the three to arrive in federal court.

## II. Discussion.

Nasco argues that this action should be remanded to the Circuit Court for Robertson County for two reasons: (1) the defendants' notice of removal is fatally flawed for failure to properly allege diversity of citizenship; and (2) the defendants failed to remove this action in a timely fashion.

### A. Failure to Allege Diversity of Citizenship.

Under 28 U.S.C. § 1441(a), a civil action brought in a state court may be removed to a federal district court, if the federal court has original jurisdiction over the action and if Congress has not otherwise precluded removal. In other words, the right of removal

exists only in certain enumerated classes of cases, and for one to exercise such a right, "it is essential that the case be shown to be within one of those classes; and this must be done by a verified peti-

---

1. At oral argument, plaintiff Nasco conceded that defendant Norsworthy is a citizen of Texas.

tion setting forth ... the particular facts, not already appearing, out of which the right arises."

*Wenger v. Western Reserve Life Assurance Company of Ohio,* 570 F.Supp. 8, 9 (M.D.Tenn.1983) (quoting *Chesapeake & O.R. Co. v. Cockrell,* 232 U.S. 146, 151–52, 34 S.Ct. 278, 279–80, 58 L.Ed. 544, 547 (1914)). Further, the defendant always has the burden of establishing that removal was proper. *See Fort v. Ralston Purina Company,* 452 F.Supp. 241, 242 (E.D.Tenn. 1978)

In this case, the defendants allege that "[t]here is complete diversity of citizenship of the parties...." Yet, as the plaintiff argues, the defendants "assert only the residency of the parties, and not their citizenship. Diversity of residency is not diversity of citizenship." Nasco's memorandum in support of motion to remand (filed January 21, 1992; Docket Entry No. 10) at 3. The defendants, on the other hand, argue that "[t]he Notice [of Removal] identifies facts sufficient to determine that the Plaintiffs [sic] and the Defendants are not citizens of the same state.... The allegation of diversity of citizenship is a legal conclusion. The factual *basis* for that conclusion is the statement of residency." Defendants' response to motion to remand (filed January 29, 1992; Docket Entry No. 12) at 1 (emphasis in original).

The defendants' argument is unavailing. This Court has repeatedly declared that it is a court of limited jurisdiction, vested with the power to hear only those cases, first, which are within the judicial authority of the United States, as defined by the Constitution, and second, which have been afforded to it by a jurisdictional grant by Congress. *See* Wright, Miller and Cooper, *Federal Practice and Procedure* § 3522 (1984). While diversity of citizenship under 28 U.S.C. § 1332 serves as a basis for original federal jurisdiction under section 1441(a),[2] "it is a long established proposition that *domicile,* not

residence, determines State citizenship for the purposes of diversity jurisdiction." *Thompson v. Gillen,* 491 F.Supp. 24, 27 (E.D.Va.1980) (citing *Robertson v. Cease,* 97 U.S. (7 Otto) 646, 24 L.Ed. 1057 (1878); emphasis added). "[A]verments of *residence* are wholly insufficient for purposes of removal." *Wenger,* 570 F.Supp. at 10 (emphasis in original). As the defendants in this case have only attested to their residence, the Court finds that their notice of removal is technically, but nevertheless fatally, deficient. Moreover, as the thirty day statutory period for filing the removal petition, and thus for establishing jurisdiction, has expired, the defendants are foreclosed from amending their petition. *See Fort,* 452 F.Supp. at 242.

While this rule might appear unduly harsh, the language of the Constitution and of 28 U.S.C. § 1332 is clear. This Court agrees with the District Court for the Eastern District of Virginia that

> it is not too much ... to expect any lawyer to plead federal jurisdiction with care. A judgment rendered on removal when remand was required is a costly pronouncement of no value. Remand in the ordinary diversity case puts trial in the hands of a State judge experienced in that type of litigation rather than a federal court where diversity cases constitute a minor part of the docket.

*Thompson,* 491 F.Supp. at 29.

#### B. Timeliness.

28 U.S.C. § 1446(b) reads, in pertinent part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant ... of a copy of the initial pleading....

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended

---

**2.** Section 1441(a) states in pertinent part: "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants...." Under section

1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil proceedings where the matter in controversy exceeds the sum or value of $50,000 ... and is between citizens of different states."

pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

During the hearing on this matter, counsel for the plaintiff alternatively argued, for the first time,[3] that the defendants failed to timely remove this action within the thirty day period specified by the statute. The counsel for the defendants argued, however, that the notice of removal was filed twenty-eight days after receipt of the notice of the dismissal of defendant Clark (the Tennessee defendant), and, therefore, was timely. But counsel for the plaintiff pointed out that *when originally filed* on August 23, 1991, this action was removable, because defendant Norsworthy—who received service on August 26, 1991, and was the sole defendant at that time—was a citizen of Texas and diversity existed. The action remained in this posture for twenty-one days, i.e., until the plaintiff amended its complaint on September 13, 1991, added defendant Clark and destroyed diversity. The plaintiff argued that, after the dismissal of defendant Clark, defendant Norsworthy had twelve days left from receipt of notice of Clark's dismissal in order to remove this action.

In other words, the plaintiff argued that the thirty day removal period of defendant Norsworthy did not start afresh after the dismissal of defendant Clark. Rather, the plaintiff urges that the original thirty day removal period was tolled during the time that defendant Clark was a party to the action. The plaintiff placed great emphasis on the first sentence of the second paragraph of section 1446(b), specifically the phrase "[i]f the case stated by the initial pleading is *not* removable...." (Emphasis added.) Because this action *was* removable under the original complaint, the plaintiff argued that the second paragraph of section 1446(b) was not applicable.

■ The Court begins by noting that it has found no cases directly addressing this unique fact situation. However, as a general rule, removal statutes are to be strictly construed against removal and in favor of remand. *See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09, 61 S.Ct. 868, 872, 85 L.Ed. 1214, 1219 (1941); *Libhart v. Santa Monica Dairy Co.,* 592 F.2d 1062 (9th Cir.1979); *Wilson v. United States Department of Agriculture, Food and Nutrition Service,* 584 F.2d 137, 142 (6th Cir.1978). This policy promotes comity and the "rightful independence of state governments." *Healy v. Ratta,* 292 U.S. 263, 270, 54 S.Ct. 700, 703, 78 L.Ed. 1248, 1254 (1934).

> The thirty day limitation mandated by § 1446(b) has a dual purpose. On the one hand it forecloses a defendant from adopting a "wait and see" approach in the state court; specifically, it prevents a second bite at the jurisdictional apple if a defendant (belatedly) perceives that the case is proceeding other than to his liking. *See Wilson v. Intercollegiate (Big Ten) Conference Athletic Association,* 668 F.2d 962, 965 (7th Cir.1982). On the second hand, the statutory requirement minimizes the delay and waste of resources involved in starting a case over in federal court after substantial proceedings have taken place in state court. *Id.*

*Gorman v. Abbott Laboratories,* 629 F.Supp. 1196, 1199 (D.R.I.1986). Moreover, it is well settled that a federal district court is not empowered to extend this thirty day period. *See id.; Roberson v. Orkin Exterminating Company, Inc.,* 770 F.Supp. 1324, 1327 (N.D.Ind.1991); *Skidmore v. Beech Aircraft Corporation,* 672 F.Supp. 923, 925 (M.D.La.1987).

■ The *Gorman* case, while not directly on point, is particularly instructive here. In that case, the plaintiff, a citizen of Rhode Island, commenced an action against Abbott Laboratories, an Illinois corporation, on May 24, 1985. Despite the fact that diversity existed, Abbott Laboratories did not attempt to remove the case to fed-

---

**3.** This argument was not briefed.

eral court within the thirty day time period, and, thus, waived its removal right. On January 2, 1986, the plaintiff amended her complaint and named five additional, and diverse, defendants. One of these defendants, Merck Sharpe & Dohme Co., Inc., filed a notice of removal on January 17, 1986, well within its own thirty day window under section 1446(b), but clearly beyond Abbott Laboratories' removal period. All other defendants, including Abbott, subsequently joined Merck's petition for removal. The plaintiff filed a motion to remand, arguing that the action was not timely removed.

The District Court of Rhode Island analogized the case to so-called "staggered service" cases, in which a plaintiff sues multiple defendants, who are served in random sequence. *See Gorman*, 629 F.Supp. at 1201.

> A defendant which is served toward the end of this temporal daisy chain seeks to remove the action: that defendant acts within thirty days of its receipt of the initial pleading, but after the earlier-served defendants have let their respective thirty day periods run without incident.... In such a situation, courts have been consentient in holding that, even if the movant secures the acquiescience [sic] of the earlier served defendants in the removal initiative, the petition must, upon timely objection by the plaintiff, be denied.

*Id.* The court found the reasoning behind this rule "impeccable." *Id.*

> The right to remove is of finite duration; if not activated promptly, it self-destructs. Once Humpty–Dumpty has toppled from the wall, he cannot be put back together again. Failure of a defendant to embark upon removal within the statutorily allotted time causes the right to perish. Such neglect cannot be cured retroactively by joining a subsequently served defendant's removal pavane. The first defendant having irretrievably lost the right to remove, it has likewise lost the facility effectively to consent to any other defendant's attempt to remove the

action. That being so, and all defendants being required to join in a proper removal petition in a diversity case ... the first-served defendant's debarment vitiates the (timely) application of the later-served defendant.[4]

*Id.* (citations omitted). Thus, the court remanded the action to the original state forum.

The logic of *Gorman* is equally applicable here. It is undisputed that defendant Norsworthy had thirty days, albeit interrupted, in which to remove this case—eighteen days before the complaint was amended, and twelve days after receiving notice of the dismissal of defendant Clark. Nothing hindered him from removing this case during either of these two periods. Further, these latter twelve days coincided with the thirty day time periods of defendants Hallmark and Almeida. While the notice of removal was timely insofar as defendants Hallmark and Almeida are concerned, it was well beyond defendant Norsworthy's thirty day time period. As all defendants must join in removal in diversity cases, and as defendant Norsworthy was incapable of doing so, removal of this case was untimely.

Therefore, for the foregoing reasons, this case shall be remanded to the Circuit Court for Robertson County, Tennessee.

---

4. *See, e.g., Balestrieri v. Bell Asbestos Mines, Ltd.,* 544 F.Supp. 528 (E.D.Pa.1982).