**Michael GLAZE and Carol Glaze,**

v.

**Mohammad AHMAD.**

**Civil Action No. 96–2319.**

United States District Court,
W.D. Louisiana,
Alexandria Division.

Dec. 13, 1996.

Joseph T. Dalrymple, Rivers Beck & Dalrymple, Alexandria, LA, for Michael Glaze, Carol Glaze.

Victor H. Sooter, Sooter & Savoie, Alexandria, LA, for Mohammad Ahmad, M.D.

## RULING

LITTLE, Chief Judge.

Before this court is a Motion to Remand filed by plaintiffs Michael and Carol Glaze. For the following reasons, plaintiffs' motion is GRANTED and this action is remanded to the Ninth Judicial District Court, Rapides Parish, Louisiana.

### I.

Plaintiffs Michael and Carol Glaze filed this medical malpractice suit on 29 April 1996 in the Ninth Judicial District Court, Rapides Parish, Louisiana. Defendant Mohammad Ahmad filed a notice of removal to this court on 2 October 1996. Plaintiffs now move to remand this suit to the state court on the ground that we lack subject matter jurisdiction.

### II.

The general rules of removal from state court to the United States District Court are set forth in 28 U.S.C. § 1441(a): "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

The procedure for removal is set forth in 28 U.S.C. § 1446(a): "A defendant or defendants desiring to remove any civil action from a State court shall file in the district court ... a notice of removal ... containing a short and plain statement of the grounds for removal." The notice of removal shall be filed within thirty days after the defendant is

served with the complaint. 28 U.S.C. § 1446(b).

A motion to remand must be made within thirty days after the filing of the notice of removal. 28 U.S.C. § 1447(c). A motion to remand may be made on the basis of "any defect in removal procedure." *Id.*

### III.

In this case, plaintiffs contend that remand is mandated because this court lacks subject matter jurisdiction. Defendant maintains that subject matter jurisdiction is satisfied by diversity of citizenship between the parties. District courts have original jurisdiction over all civil actions where the amount in controversy exceeds $50,000 and there is total diversity of citizenship between the parties. 28 U.S.C. § 1332(a).

For removal purposes, diversity must exist *both* at the time the action was commenced in state court *and* at the time of removal. *Kellam v. Keith,* 144 U.S. 568, 12 S.Ct. 922, 36 L.Ed. 544 (1892); *United Food & Commercial Workers Union, Local 919, AFL–CIO v. CenterMark Properties Meriden Square, Inc.,* 30 F.3d 298, 301 (2d Cir. 1994). The existence of diversity jurisdiction at both points must be alleged in the removal notice. *Wenger v. Western Reserve Life Assur. Co. of Ohio,* 570 F.Supp. 8, 10 (M.D.Tenn.1983). The purpose of requiring diversity to exist at both times is to prevent a non-diverse defendant from acquiring a new domicile after commencement of the state suit and then removing on the basis of the newly created diversity of citizenship. *See* Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 3723, at 313–14 (1985).

There is no debate in this case that diversity of citizenship existed at the time of removal. Plaintiffs at all times were domiciled in Louisiana. Defendant was domiciled in Ohio at the time of removal. There also is no question that the amount in controversy exceeds $50,000.

The critical question is whether diversity existed at the time the action was "commenced." Defendant maintains that for the purpose of determining diversity after removal, "time of commencement" means the date that plaintiff filed the complaint in state court. Defendant asks this court to follow the plain dictates of the Federal Rules of Civil Procedure: "A civil action is commenced by filing a complaint with the court." Fed.R.Civ.P. 3. The parties agree that at the date plaintiffs filed suit in the state court the defendant was domiciled in Ohio. Defendant asserts that as diversity existed at the time suit was filed, removal was proper and the motion to remand should be denied.

Plaintiffs, citing to Louisiana law instead of the Federal Rules, contend that for the purpose of determining diversity after removal, "time of commencement" means the time of filing a "Request for Medical Review." The Louisiana Medical Malpractice Act requires a filing with a medical review panel as a prerequisite to a medical malpractice suit. La. Rev.Stat. 40:1299.47(A)(1). The Louisiana Supreme Court has held that the filing with the review panel is the equivalent to the filing of suit for the purpose of "commencement of the suit." *Nathan v. Touro Infirmary,* 512 So.2d 352, 354 (La.1987). Both parties in this case agree that at the time plaintiffs filed the Request for Medical Review, defendant was a domiciliary of Louisiana and diversity between plaintiffs and defendant did not exist.

Although neither party has invoked by name the case of *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), plaintiffs' argument based upon the primacy of state law can only rest upon the constitutional constraints of *Erie.* Following the dictates of *Erie,* the United States Supreme Court has held that a federal district court sitting in diversity is bound to apply state law when calculating the "commencement" date for purposes of the statute of limitations. *Walker v. Armco Steel Corp.,* 446 U.S. 740, 749, 100 S.Ct. 1978, 1985, 64 L.Ed.2d 659 (1980). In the Fifth Circuit, district courts have followed *Walker* by applying state law to determine when an action

has been commenced for purpose of removal under 28 U.S.C. § 1446(b).[1] *Hedges v. Hedges Gauging Service, Inc.*, 837 F.Supp. 753, 754 (M.D.La.1993); *Kinabrew v. Emco–Wheaton, Inc.*, 936 F.Supp. 351, 353 (M.D.La. 1996).

In this case, we follow *Walker* and hold that for the purpose of establishing diversity jurisdiction after removal, we are bound by the state law determination of the time the action was commenced.[2] The effect of our ruling is that a non-diverse defendant cannot create removal jurisdiction by acquiring a new domicile after a state medical malpractice review has been commenced. As the Louisiana law is that the filing with the medical review panel is the equivalent of commencing suit, *Nathan*, 512 So.2d at 354, we evaluate diversity at the time the plaintiffs filed the Request for Medical Review. The parties agree that at that time, diversity between the parties did not exist. We therefore remand this case to the state court.

### IV.

As total diversity did not exist at the commencement of this action and this court lacks subject matter jurisdiction, plaintiffs' Motion to Remand is GRANTED.

---

**1.** According to 28 U.S.C. § 1446(b), a case may not be removed on the basis of diversity jurisdiction more than one year after commencement of the action in state court.

**2.** We stress that this case is fundamentally different than one in which the plaintiff sues first in federal court, as the rules of removal and remand create special jurisdictional hurdles. *See* *Rowland v. Patterson*, 882 F.2d 97, 99 (4th Cir. 1989). The *Rowland* court applied Fed.R.Civ.P. 3, not state law, in a diversity suit to determine the time of "commencement" of action where the suit was filed originally in federal court, but found that "[t]he removal rule *is* different." *Id.* (emphasis in original). Our ruling is in accord with *Rowland*.